## ROCKWOOD v. ROCKWOOD.

No. 4246.  Decided April 16, 1925.  (236 P. 457.)

1.  DIVORCE—APPLICATION FOR MODIFICATION OF ALLOWANCE TO CHILDREN MUST ALLEGE ALTERED CONDITIONS.  Application by former husband for reduction of allowance for support of minor children, under Comp. Laws 1917, § 3000, must allege altered conditions and circumstances such as are within spirit and meaning of statute.[1]

2.  PLEADING—ONLY SUBSTANCE OF PETITION CONSIDERED IN ABSENCE OF OBJECTIONS TO INARTIFICIALITY.  Although petition for modification of divorce decree may be inartificial, substance only will be considered in determining sufficiency in absence of objections by demurrer or other pleading or to the evidence.

3.  DIVORCE—REMARRIAGE OF DIVORCED WIFE, TAKING CHILDREN TO LIVE WITH HUSBAND, AND DEPRIVING FATHER OF OPPORTUNITY TO SEE THEM, NOT GROUNDS FOR REDUCING ALLOWANCE FOR CHILDREN.  That wife had remarried since divorce, and was living with her children and husband, and father had no·opportunity to see children, held not grounds within meaning of Comp. Laws 1917, § 3000, for reduction of allowance for support of children, in absence of assumption by stepfather of obligation to support them.[2]

4.  PARENT AND CHILD—FATHER HAS DUTY TO SUPPORT CHILDREN.  Father has duty to support his children, if able.

[1] *Cody* v. *Cody*, 47 Utah, 456, 154 P. 752; *Chaffee* v. *Chaffee*, 63 Utah, 261, 225 P. 76.
[2] *Cody* v. *Cody*, 47 Utah, 456, 154 P. 752; *Chaffee* v. *Chaffee*, 63 Utah, 261, 225 P. 76; *Myers* v. *Myers*, 62 Utah, 90, 218 P. 123, 30 A. L. R. 74.
See Headnote 1.  19 C. J. p. 359 (1926 Anno.).
Headnote 2.  31 Cyc. p. 82.
Headnote 3.  19 C. J. p. 359.
Headnote 4.  29 Cyc. p. 1606.
Headnote 5.  23 C. J. p. 110.

5. EVIDENCE—COURT WOULD TAKE JUDICIAL NOTICE THAT CHILDREN OF DIVORCED PARENTS WERE STILL INFANTS. On application to reduce allowance in divorce decree for support of minor children, court would take judicial notice that children were still mere infants, dependent entirely on some one else for maintenance and support.

Appeal from District Court, First District, Box Elder County; *M. C. Harris,* Judge.

Suit by Lulu Fife Rockwood against William Rockwood for divorce. On application for order to show cause why decree should not be modified alimony was reduced, and plaintiff appeals.

REVERSED AND REMANDED, with directions.

*LeRoy B. Young,* of Brigham City, for appellant.

*Wm. J. Lowe,* of Brigham City, for respondent.

THURMAN, J.

The defendant instituted this proceeding to modify a decree of divorce. The decree sought to be modified was entered October 11, 1923, granting a divorce to defendant upon his cross-complaint. No alimony was allowed the plaintiff, but the decree awarded to her the sum of $30 per month for the support of two minor children, issue of said marriage, aged four years and one and one-half years respectively. The decree became final on the 11th day of April, 1924, and on the 16th day of said month plaintiff married one Vern Jorgensen, with whom, as appears from the findings, plaintiff had intimately associated prior to the commencement of the action for divorce, and for which reason the decree was granted in favor of defendant.

On July 30, 1924, defendant filed application for an order citing plaintiff to show cause why the decree should not be modified relieving him from the payment of further alimony.

The application is brief, and, as its sufficiency is vigorously challenged by plaintiff, we quote the same at length:

"State of Utah, County of Box Elder—ss.:

"William E. Rockwood, being first duly sworn, deposes and says that he is the defendant in the above-entitled action, and that on the 11th day of October, 1923, a decree of divorce was entered in said cause, and among other things the defendant was ordered to pay to the plaintiff the sum of $30 per month, payable on the 1st of each and every month for the support of plaintiff and her minor children; that since the said decree of divorce the plaintiff has remarried, having married one Vern Jorgensen mentioned in the answer and findings in said cause; that the plaintiff and her said children are now residing with the said Vern Jorgensen; that defendant has no opportunity of seeing said children, as said children are kept with the said Vern Jorgensen and plaintiff with a bridge gang operating on the Oregon Short Line Railroad; that this affiant feels that, since the plaintiff has remarried and has taken said children with her, this defendant should be relieved from further supporting the said plaintiff and said children, and affiant requests an order citing the plaintiff to show cause why the decree herein should not be modified releasing defendant from the payment of further alimony with such other and further order as is meet and proper."

The plaintiff filed no pleading, but appeared at the hearing in person and by counsel, and participated in the trial of the cause.

The court found in favor of the defendant reducing the payments to be made by defendant for the support of the children, from $30 per month to $5, and entered findings and decree accordingly.

Plaintiff appeals, and relies, mainly, on the alleged insufficiency of the application which we have quoted at length.

The grounds upon which a proceeding of this nature can be maintained in this state are found in Comp. Laws Utah 1917, § 3000, the last sentence of which reads as follows:

"Subsequent changes, or new orders may be made by the court in respect to the disposal of the children or the distribution of property as shall be reasonable and proper."

An examination of the entire section shows that the portion above quoted relates to altered conditions and circumstances arising after the entry of the original decree.

In *Cody* v. *Cody,* 47 Utah, 456, 154 P. 752, and *Chaffee* v. *Chaffee,* 63 Utah, 261, 225 P. 76, cited by appellant in the instant case, the statute above referred to and especially the portion we have quoted, received careful consideration in respect to the matter of pleading. In both cases it was held, in effect, that a pleading or affidavit of some kind setting forth the altered conditions and circumstances of the persons involved in the decree arising subsequent to its entry was necessary in a proceeding under the statute referred to. It follows as a matter of course that the altered conditions and circumstances relied on must not only be alleged but must be such as are within the spirit and meaning of the statute, or otherwise the pleading will not state a cause of action.

In *Chaffee* v. *Chaffee,* supra, the question was to the sufficiency of the complaint to authorize a modification of the decree. The court held that the complaint was fatally defective, and on that ground alone the action was dismissed. The altered conditions alleged were held to be without substance and not within the spirit and intention of the statute authorizing a modification of the decree.

The affidavit quoted, which is the only pleading offered as a basis for the relief demanded, is inartifically drawn, but, as the statute suggests no particular form, and the plaintiff did not interpose objection by demurrer or other pleading nor by objection to the evidence, the informality was thereby waived. The court will therefore only consider the substance of the pleading in determining its sufficiency.

The only grounds alleged for modification are that the plaintiff has married since the decree of divorce was entered; that she and the children are now residing with Jorgensen with a bridge gang operating on the Oregon Short Line Railroad; and that defendant has no opportunity of seeing his children. For these reasons defendant alleges he should be relieved from rendering further support.

If as a matter of law plaintiff's marriage with Jorgensen and she and the children residing with him, under the cir-

cumstances alleged, are sufficient to relieve defendant, in whole or in part, of the burden imposed upon him by the decree, then the affidavit states a cause of action; otherwise it is fatally defective, and the relief prayed for should be denied.

Appellant refers to no authorities except the Utah cases above cited. Respondent also relies on *Cody* v. *Cody*, supra, and notes in L. R. A. 1915F, and 30 A. L. R. 79. The notes referred to in the authorities cited by respondent refer to numerous cases, but they all appear to be cases in which alimony was allowed to the wife and the divorced husband sought to be relieved, either on account of his own subsequent marriage or the subsequent marriage of his divorced wife. None of the cases cited in the notes referred to involve allowances made for support of the children. They all relate to alimony decreed to the wife. The note in 30 A. L. R. supra, at page 81, states the following as "a general rule":

"It is held that the remarriage of a divorced wife does not ipso facto terminate the former husband's obligation to pay the alimony decreed," citing many cases.

See specially *Myers* v. *Myers*, 62 Utah, 90, 218 P. 123, 30 A. L. R. 74.

If the remarriage of a divorced wife does not as a matter of law relieve the former husband from the obligation to pay the alimony decreed to her, a fortiori it should not as matter of law relieve him from the payments decreed for the support of the children. If the cases in the notes referred to have any bearing at all upon the question before the court it is by implication only, and the implication certainly lends no support to respondent's contention. But respondent also refers to 29 Cyc. 1667, which is more in point, and quotes therefrom the following language:

"The relation of stepparent and stepchild is that existing between a husband or wife and the child of the spouse by a former marriage. A stepfather does not merely, by reason of the relation, stand in loco parentis to his stepchild; but where the stepfather receives the stepchild into his family and treats it as a member thereof, he stands in the place of the natural parent, and the reciprocal rights, duties,

and obligations of parent and child continue as long as such relation continues."

The text refers to page 1670 of the same volume, in which the author says:

"A person standing in loco parentis to a child is one who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation, without going through the formalities of a legal adoption. The assumption of the relation is a question of intention."

The cases referred to in the language quoted from Cyc., supra, at page 1667, are *Englehardt* v. *Yung's Heirs*, 76 Ala. 534; *Mowbry* v. *Mowbry*, 64 Ill. 383; *Attridge* v. *Billings*, 57 Ill. 489; *Brush* v. *Blanchard*, 18 Ill. 46; *Mulhern* v. *McDavitt*, 16 Gray (Mass.) 404; *St. Ferdinand Loretto Academy* v. *Bobb*, 52 Mo. 357; *Eickhoff* v. *Sedalia, etc., Co.*, 106 Mo. App. 541, 80 S. W. 966; *In re Besondy*, 32 Minn. 385, 20 N. W. 366, 50 Am. Rep. 579; *Gorman* v. *State*, 42 Tex. 221; 37 Cent. Digest, tit. ''Parent and Child.''

In *Englehardt* v. *Yung's Heirs*, supra, the third headnote reflects the opinion of the court as far as relates to the question here:

"On the second marriage of the surviving mother the stepfather is neither bound to maintain her children nor entitled to their custody or earnings; and though he may voluntarily place himself in loco parentis toward them, by admitting them into his family, and treating them as members thereof, thereby assuming the obligation and acquiring the rights of a natural parent, his intention to do so is not to be hastily inferred from slight circumstances."

*Mowbry* v. *Mowbry*, supra, has no application.

In *Attridge* v. *Billings*, supra, we quote the third headnote, which is substantially the language of the opinion:

"A stepfather is under no legal obligation to support his wife's children by a former marriage."

*Mulhern* v. *McDavitt*, supra, tends to some extent to support respondent's contention. The court, at page 405, says:

"A husband was not by the common law obliged to support the children of his wife by a former marriage."

Further on, on the same page, the court says:

"But though the husband is not obliged to take the children into his family, yet if he does so he stands in loco parentis in respect to

them, and in the absence of an express contract, or of circumstances showing a different arrangement, he has a right to their services, and is liable for their support and education."

In *St. Ferdinand Loretto Academy,* supra, the court, at page 360 of the report, states the rule as follows:

"There is no obligation on the part of the stepfather to provide for the children of his wife by a former husband by virtue merely of his marriage with their mother. He may refuse to provide for them, and could not be compelled to do so. The liability in such cases depends upon the relation he chooses to assume in reference to them. If he holds them out to the world as members of his family, he stands in loco parentis, and incurs the same liability with respect to them that he is under to his own children."

In *Gorman* v. *State,* supra, at page 222 of the report, the court says:

"If the minor children of the wife are recognized and treated as members of the family of their stepfather, and are supported and maintained by him, there can be no doubt that he stands to them in loco parentis, and may exercise the control and authority of a parent over them."

In *Eickhoff* v. *Railroad,* supra, at page 544 of the report, the court states the rule:

"The law is stated thus: 'There is no obligation on the part of the stepfather to provide for the children of his wife by a former husband, by virtue merely of his marriage with their mother. He may refuse to provide for them, and could not be compelled to do so. The liability in such cases depends upon the relation he chooses to assume in reference to them. If he holds them out to the world as members of his family, he stands in loco parentis and incurs the same liability with respect to them that he is under to his own children.'"

Volume 37, Century Digest, tit. Parent and Child, § 152, relied on by respondent, cites the cases we have reviewed, and one or two others to the same effect. Section 154 of the same title, subdivision (b), says: "A stepfather is not bound to maintain his stepchildren," citing cases from Alabama, Illinois, Massachusetts, New York, Oregon, and Pennsylvania. The cases referred to substantially support the text.

We have found no case in our investigation that holds either in substance or effect that a subsequent marriage by a

divorced wife ipso facto relieves her former husband of the
burden of supporting his children imposed upon him by
decree of court; neither have we found any case that im-
poses such duty upon a stepfather, except under circum-
stances not appearing in defendant's affidavit, nor shown by
the evidence to exist in the instant case.

As hereinbefore stated, the plaintiff did not appear in
this proceeding by any form of pleading, but did appear at
the trial by herself and counsel and took part therein. For
these reasons we have carefully read the evidence with the
view of ascertaining whether or not any defect of omission
in defendant's pleading might not have been cured by some
admission in the evidence. Nothing whatever appears in the
evidence in addition to what appears in the affidavit, except
that Jorgensen, plaintiff's present husband, is earning about
$90 per month, and that plaintiff by her labor in cooking
for the outfit earns board for herself and children and also
for Jorgensen. There is nothing in either the affidavit or
the evidence to show that Jorgensen has contributed to the
support of the children, or even his wife, or that he has done
or said anything whatever suggestive of an intention to
assume the relation of father to the children. In other words,
neither the affidavit nor the evidence suggests a single thing
in addition to the marriage of the parties to bring defend-
ant's case within the rule announced by practically all of the
authorities.

The duty of the father to support his children, if he is
able to do so, is imposed in this state by positive stat-
ute. It would be his duty in any event if there were
no statute upon the subject. Defendant has not
shown, either in his affidavit or evidence, that he is less able
now to contribute to the support of his children than he was
when the original decree was entered. He has not shown
that the mother of the children is able to support them, and,
even if he had, it is not clear that such fact would alter
the case. He has not shown that the children now require
less for their support than when the decree was entered. In
fact, the court will take judicial notice that the children

are still mere infants, dependent entirely upon some one else for their maintenance and support.

In these considerations it is our bounden duty to hold that the pleading of defendant does not state facts sufficient to constitute a cause of action; nor is the defect in any manner cured by the evidence.

It is therefore ordered that the judgment be vacated and set aside and the cause remanded, with directions to the trial court to dismiss the action. Respondent to pay costs on appeal.

GIDEON, C. J., and FRICK, CHERRY, and STRAUP, JJ., concur.