## HAMPTON v. HAMPTON.

No. 5509.   Decided July 8, 1935.   (47 P. [2d] 419.)

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for appellant.

*Hutchison & Hutchison,* of Salt Lake City, for respondent.

HARRIS, District Judge.

On September 1, 1928, Zora W. Hampton secured a decree of divorce from her husband, Walter M. Hampton, the decree awarding to her the custody of her minor child, now eight years of age, and requiring the defendant to pay the plaintiff $60 per month alimony for the support of herself and child. On June 23, 1933, defendant filed herein his petition to reduce the alimony to $30 per month, alleging changed conditions since the date of the decree. Issues were joined

on this petition and a trial had and decree entered requiring the defendant to pay $60 per month to August, 1933, and thereafter reducing the alimony to $54 per month. From this decree, the defendant appeals, claiming an abuse of discretion by the trial court in not making further reduction of the alimony.

It is well settled in this court that in order to secure a change in a decree for alimony the moving party must allege and prove changed conditions arising since the entry of the decree which require, under rules of equity and justice, a change in the decree. *Chaffee* v. *Chaffee*, 63 Utah 261, 225 P. 76; *Rockwood* v. *Rockwood*, 65 Utah 261, 236 P. 457. It is likewise well settled in this state that where the appeal is on a question of the propriety of the judgment for alimony this court is required to review the evidence in the nature of a trial de novo on the record and the appellant is entitled to the judgment of this court as well as the trial court on this question. *Openshaw* v. *Openshaw*, 80 Utah 9, 12 P. (2d) 364; *Dahlberg* v. *Dahlberg*, 77 Utah 157, 292 P. 214, and cases therein cited.

The above cases, and cases therein cited, likewise establish the rules that it is not necessary for this court to find a gross abuse of discretion on the part of the trial court before modifying the judgment as to alimony, and that no general rule as to the amount of alimony can be laid down to follow in all cases, but the decree in each case must be determined upon the facts, the conditions, and circumstances of the parties in each particular case, and that if, upon examination of the record, this court is convinced that the award in the trial court is inequitable and unjust, then this court should direct such decree as it finds to be just and equitable. The amount of alimony is measured by the wife's needs and requirements considering her station in life and upon the husband's ability to pay.

Bearing these rules in mind, we have examined the record. The original files are not before us so that we do not have

before us the grounds for the divorce, but we may assume the divorce was obtained upon the fault of the defendant. The record here is short, and, in substance, discloses the following: At the time of the divorce, the defendant was a teacher in the Salt Lake City schools, drawing an annual salary of $2,100. In addition, he did extra work for the school board—painting in the summer—which was discontinued about two years before the hearing, because of a change in the rules of the school board. Since that time, appellant's evidence shows his salary has been reduced until for the school year of 1932-33 he received $1,580, and his contract for 1933-34 school year was $1,500. Since the divorce, he has remarried and has one child by his present wife. Except for earnings of about $55 per year, his present wife and child are solely dependent upon him for support. He has become involved in debt in excess of $1,400, some of which is for money borrowed to pay alimony to plaintiff. Plaintiff likewise owes debts in the sum of $1,091. Defendant has no property or other occupation or income except what he earns as a teacher and he testified that he must maintain a certain standard of dress and appearance or he will lose his position. Also, that if his wages are garnisheed to compel payment of alimony or debts, he will lose his position. Defendant testified that plaintiff is in good health, "better than the average woman in Salt Lake." The plaintiff testified that she had been treated during the past year by her physician for asthma and for her heart. For about one year prior to the hearing, plaintiff had been paying rent of $25 per month for her apartment. Prior to that she paid $20 per month. She testified she had been taking music lessons for which she paid nothing. Whether this is to fit her to earn something towards her support is not made to appear, but it occurs to us that she might be a more useful, contented, and happy citizen if she is able to use this method of increasing her income.

It may be conceded that $50 per month is necessary for the support of the plaintiff and their minor child, but the more

difficult question is whether the defendant is able to pay this amount of alimony under his present circumstances. We are convinced that the changed conditions appearing in the record require a reduction in the amount of alimony as fixed by the trial court, which we feel is more than the defendant is able to pay, and at the same time maintain his station in life as a teacher and support his present family; and, accordingly, we have determined that the amount should be reduced to $45 per month.

The order of this court, therefore, is that the decree of the trial court be modified to reduce the payments of alimony from $54 per month to $45 per month after August, 1933, the trial court to reserve jurisdiction to change this amount should changed conditions again so require, and in all other respects the decree is affirmed. Neither party is to recover costs on this proceeding.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, J., being disqualified, did not participate herein.