## JONES v. JONES

No. 6475.   Decided June 17, 1943.   (139 P. 2d 222.)

See 27 C. J. S., Divorce, sec. 234; 17 Am. Jur., 476, 480.

*Clifford L. Ashton,* of Salt Lake City, for appellant.

*F. Henri Henriod* and *W. L. Skanchy,* both of Salt Lake City, for respondent.

WOLFE, Chief Justice.

This is an appeal by the defendant from an order of the court which modified an alimony decree previously entered.

The facts show that on August 11, 1938, the plaintiff was granted a divorce from the defendant. In the findings of fact in that divorce proceeding the court found that the parties had entered into a stipulation to govern the property rights of the parties in event the divorce was granted. The stipulation, which was adopted by the court in its findings, provided in part that:

"The defendant Jones shall pay to the plaintiff for the use of herself the sum of $30.00 per month and the sum of $15.00 per month for each of the two minor children, the custody of whom shall be in the plaintiff; the said sums are to be paid to the Clerk of the above entitled court, $30.00 by the 12th day of August, 1938, and $30.00 by the 27th day of August, 1938, and thereafter on the same days of each month."

This written stipulation, as incorporated in the findings, constituted the basis for the decree for alimony and for the support of the children.

On August 15, 1939, the defendant filed a petition to modify the alimony decree. He alleged that one of the two minor children had attained her majority by virtue of marriage, and prayed that the alimony be reduced to $45 per month. In answer to this petition plaintiff admitted that one child had married, but alleged that the needs of the other child, Lorenzo had materially increased, so that he now needed $30 per month. The plaintiff prayed that the petition of the defendant to have the alimony reduced be denied and that the decree be modified so as to require the defendant to pay to the plaintiff for the support of Lorenzo $30 each month.

Subsequently, on September 23, 1940, the defendant filed what was designated as a "Supplemental Reply to Plaintiff's Answer," but which was in fact a supplemental petition for a change of the alimony decree. In this supplemental petition, the defendant alleged that the other child, Lorenzo, was gainfully employed and now able to care for his own needs. He prayed for a modification of the alimony decree to relieve him of any liability to the plaintiff for support money for the children and asked that the amount to be paid by him to the plaintiff be thus reduced to the $30 which was originally decreed to her for her own use.

After a hearing on these two petitions the court found that the defendant was still earning $180 per month (the amount he was earning in 1938 when the divorce was granted); that one of the children had married on August 14, 1939, and the other was self-supporting; and that $50 per month was now necessary for the support of the plaintiff. The court then concluded

"that the amount of alimony which the defendant is required to pay plaintiff should be reduced from $60.00 per month to $50.00 per month, said change commencing August 14, 1939."

In prosecuting this appeal the defendant makes two assignments of error in which he urges: (1) that the court had no jurisdiction to modify the provisions of the alimony decree which was originally based up-

on a stipulation of the parties; and (2) that if the court did have such jurisdiction, the issues raised by the pleadings did not justify the change in the decree as made by the court.

The question raised by the first contention can no longer be considered an open question in this State. In the recent case of *Barraclough* v. *Barraclough,* 100 Utah 196, 111 P. 2d 792, 793, this identical point was raised. The parties had entered into a stipulation governing the amount of alimony to be paid. The stipulation was incorporated into the findings and made the basis for the alimony decree. The plaintiff filed a petition to modify the decree. We held, in a Per Curiam opinion, that the court had the power to modify such a decree. In so holding, we stated:

"In a divorce action the trial court should make such provision for alimony as the present circumstances of the parties warrant, and any stipulation of the parties in respect thereto serves only as a recommendation to the court. If the court adopts the suggestion of the parties it does not thereby lose the right to make such modification or change thereafter as may be requested by either party based on some change or circumstances warranting such modification."

This holding accords with the weight of authority. See note in 109 A. L. R. 1068. See also *Warrington* v. *Warrington,* 160 Or. 77, 83 P. 2d 479, and cases cited therein.

However, as pointed out in *Hampton* v. *Hampton,* 86 Utah 570, 47 P. 2d 419, 420,

"It is well settled in this court that in order to secure a change in a decree for alimony the moving party must allege and prove changed conditions arising since the entry of the decree which require, under rules of equity and justice, a change in the decree. *Chaffee* v. *Chaffee,* 63 Utah 261, 225 P. 76; *Rockwood* v. *Rockwood,* 65 Utah 261, 236 P. 457."

This rule was quoted with approval and followed in the Barraclough case, supra. There can be no doubt but what it is the settled law of this State.

In the instant case there is no pleading which would justify the finding made by the court

"that the sum of $50.00 a month is necessary for the proper maintenance and support of the plaintiff, Fuchsia E. Jones."

Plaintiff did allege that at the time the divorce decree was entered she was living without paying rent in a home owned by the defendant's father and that she had since been compelled to vacate this home. But there is no allegation or finding to show that it was contemplated at the time of the entry of the decree that she could continue to live in this home without paying rent. In the only other pleading relating to plaintiff's personal circumstances is an allegation that she, because of her health, could not hold a regular job and that she would be unable to

"get along on less than the $30.00 awarded to her under the decree for her own support and maintenance; that if her son, Lorenzo, is to attend college it will be necessary for the defendant, his father, to provide the means."

In the prayer she asked only that the support money to Lorenzo be increased from $15 to $30 per month and for such other relief as the court shall deem equitable in the premises. These allegations were not sufficient to put the defendant on notice that she was attempting to have the amount of money paid to her for her own support increased. The allegations do not sufficiently allege a change of conditions on either her part or on the part of the defendant. Therefore, the pleadings will not support the order made and the case must be and is reversed and remanded. If plaintiff wishes to put in issue the fact that she, because of a change of conditions, should now be entitled to $50 per month alimony, the pleadings will have to be amended and the defendant given a chance to meet the issue thus raised. Costs to appellant.

LARSON, MOFFAT, McDONOUGH, JJ., and DALLAS H. YOUNG, District Judge, concur.

WADE, J., having been disqualified, did not participate herein.