## OPENSHAW v. OPENSHAW.

No. 6608.  Decided December 30, 1943.  (144 P. 2d 528.)

*White, Wright & Arnovitz,* of Salt Lake City, and *Van A. Neher,* of Oakland, Cal., for appellant.

*E. A. Rogers, H. G. Metos,* and *Harley W. Gustin,* all of Salt Lake City, for respondent.

McDONOUGH, Justice.

On August 22, 1932, a judgment and decree of divorce was entered in favor of plaintiff against defendant, pursuant to the decision of this court. *Openshaw* v. *Openshaw,* 80 Utah 9, 12 P. 2d 364. On the showing made by defendant as to his assets and earning capacity we directed the district court to reduce the alimony and support money from $175 to $150 per month. Subsequent to the entry of such judgment, on June 2, 1933, upon application of defendant the district court ordered the alimony and support money award reduced to $100 per month.

Defendant failed to make payments regularly to the clerk of the court as required, and on June 16, 1941, plaintiff filed an application for a writ of execution covering unpaid installments for a period of 8 years prior to date thereof, and also applied for an order to show cause why defendant should not pay such arrearages or be punished for contempt. The order to show cause was issued. No answer was filed, but at the trial defendant contended that he had paid more than the amounts alleged by plaintiff. The trial court found that the unpaid installments with interest thereon as of November 3, 1941, aggregated $8,299.92, but the court also found that the sum of $582.50, was barred by the statute of limitations; that one daughter, Donna, became 18 years of age in 1935; and that defendant's earnings "averaged only $2,400 to $3,000 per year." The court, however, also found that plaintiff did not diligently pursue her remedies to enforce payment of the installments as they accrued, and

that she was guilty of laches. A finding was made to the effect that she had subsisted without the money awarded to her. Thereupon the court entered judgment, not for the $8,299.92 less a credit of $582.50 barred by limitations, but for $4,211.82, and authorized execution to issue for the latter amount only.

Appellant, plaintiff below, appeals from such judgment. She assails the refusal of the trial court to allow her execution for the full amount of $7,717.42 found to have been unpaid during the 8 year period. She attacks the findings that she was guilty of laches, on two grounds: (1) That laches is no defense, because her right to receive payment vested when the installments became due; and (2) that the finding or conclusion that the plaintiff was guilty of laches is not supported by the evidence. She also assigns as error, the refusal of the trial court to permit her to refute the contention of defendant that her demands were stale, by showing that she was misled by the conduct of defendant in deceiving the court and in concealing his assets for a long period of time so as to make enforcement of the decree impracticable, if not impossible.

At the outset of this appeal, defendant moved to dismiss the appeal of plaintiff on the ground that she is not an aggrieved party and was not prejudiced for the reason judgment was actually entered in her favor for a substantial part of the amount she claimed. The motion to dismiss the appeal was denied prior to argument on the merits for the following reasons: 104-41-4, U .C. A. 1943, provides that "Any party to a judgment or decree may appeal therefrom." Neither the Constitution nor the statutes limits the right of appeal to the party or parties against whom a judgment or decree is rendered. Assuming the correctness of respondent's contention to the effect that a party must be "aggrieved" before he can appeal, nevertheless if he fails to recover in substance what he claims he was entitled to receive, he is aggrieved. See *Klinge* v. *Southern Pac. Co.*, 89 Utah 284, 57 P. 2d 367, 105 A. L. R.

204. See, also, 2 Am. Juris. p. 945, Title, Appeal and Error, § 153, and cases therein cited.

We proceed to consider the merits of the appeal. Plaintiff claims that she is entitled to execution for the aggregate amount of the monthly installments which accrued within the 8 year period prior to the application for the writ. It is her contention that under the decision of this court in *Openshaw* v. *Openshaw*, 102 Utah 22, 126 P. 2d 1068, she is entitled to collect all unpaid installments computed at the rate of $100 per month under the decree of divorce as modified in 1933. Her position is that her right to the installments which the defendant was ordered to pay, vested in her as those installments became due, and that the order of the court from which she appeals, because of its failure to allow her the full amount found due and unpaid, in effect divests her of nearly one-half the amount which she has a vested right to collect.

In *Openshaw* v. *Openshaw*, last ctied, we held that the right of the trial court to modify an alimony or support money award does not extend to installments which have already accrued and which are past due, because the right to collect such installments becomes vested upon their due date. *Myers* v. *Myers*, 62 Utah 90, 218 P. 123, 30 A. L. R. 74; *Cole* v. *Cole*, 101 Utah 355, 122 P. 2d 201. When the right to collect money under the terms of a decree has vested, it is not within the province of a court to divest such right, unless the party who claims the right has acted in such a manner as to clearly prejudice the substantial rights of the party against whom the right is sought to be enforced. 104-42-5, U. C. A. 1943, provides:

"Whenever an order for the payment of a sum of money is made by a court or judge thereof, pursuant to the provisions of this code, it may be enforced by execution in the same manner as if it were a judgment."

In *Beesley* v. *Badger*, 66 Utah 194, 240 P. 458, we stated that a decree for the payment of alimony operates as a judgment lien as to all past due and unpaid installments. Execu-

tion therefore may issue for the arrearages accumulated within a period of eight years. It is proper for a party to apply to the court to have the amount of the unpaid installments ascertained, since the statute relating to writs of execution require that such writs specify the amount actually due and owing. 104-37-2, U. C. A. 1943. The plaintiff, therefore, properly applied to the court for determination of the precise amount due and owing for which execution should issue; and absent any competent facts to establish release, satisfaction, offsets, estoppel, or other bases for reducing the amount for which execution should issue, plaintiff was entitled to an order showing that $7,717.42 was the aggregate amount in arrears within a period of 8 years for which execution should issue.

Defendant filed no answer nor any traverse of the application. He made no plea of estoppel nor of laches, although as hereinbefore recited, the court by its findings invoked the doctrine of laches in behalf of defendant against plaintiff as to the collection of a substantial part of the arrear, ages, apparently on the assumption that lapse of time alone was sufficient to support such holding. But mere inaction or delay short of the period of limitations, in the enforcement of payment of an obligation already accrued, without more, is insufficient upon which to predicate laches.

"Laches is more than mere lapse of time; its essence is estoppel." Di Giovacchini v. Teich, 133 N. J. Eq. 107, 30 A. 2d 815, 819. As stated by this cort in Burningham v. Burke et al., 67 Utah 90, at page 107, 245 P. 977, at page 983, 46 A. L. R. 446: "While delay is an important factor, yet mere delay, unless unreasonable or inexcusable, is not enough; and of equal importance are the circumstances occurring during the delay, the relation of the parties to the subject, disadvantages that may have come through loss of evidence, change of title, intervention of equities, or injury from other causes."

In this case we have searched the record in vain for any evidence which would even tend to show that plaintiff misled defendant to his detriment, or in any other way did anything to injure defendant, make it difficult or impossible for

him to comply with the order of the court, or persuaded him not to apply to the court for reduction of the award. The evidence adduced to the effect that on the few occasions when he visited the children and their mother in California, the plaintiff did not harass him for payment of arrearages, is not sufficient upon which to conclude that she was guilty of laches. Particularly is this true in the light of defendant's efforts to escape the mandates of the decrees entered in this cause. The record evidences that the original decree was entered in April, 1931. By its terms, as hereinbefore stated, defendant was ordered to pay to plaintiff .$175 per month. On appeal to this court the amount was reduced to $150. Pending such appeal defendant was cited for contempt and on September 9, 1932, he was adjudged guilty. On appeal, this court reversed such judgment of the trial court on March 12, 1935. Pending this latter appeal, the trial court on June 2, 1933, on application of defendant reduced the alimony to $100 per month. Approximately one year later, on May 10, 1934, defendant again petitioned the court to reduce the amount to $50 per month. In response to such petition plaintiff counter-petitioned to have the amount substantially increased. The issues involved in such petition and counter-petition were not called up for hearing until 1941, at which time plaintiff asked to have execution issue for the past due installments. No reason is suggested as to why defendant did not call the matter up for trial; or if such reason existed, why it was not equally available to excuse plaintiff for not doing so. Furthermore, the reiterated pleas on the part of defendant of his inability to meet the obligation imposed by each successively more lenient order, might well induce a belief upon the part of plaintiff that efforts to enforce judgment for the past due alimony would be fruitless.

Nor does he show how he has been injured by her acting on the mistaken belief so induced, nor why he should in equity profit by his conduct in making the niggardly contribution to her support of approximately $9.50 per month for the five years preceding the hearing—the

amount arrived at by giving full credence to his own testimony as to such payments.

"* * * laches cannot be imputed to one who was ignorant of the facts and for that reason failed to assert his rights, and on such ground, to bar relief against fraud, laches must not only consist of delay but of a delay which worked a disadvantage to the opposing party." Burningham v. Burke, supra.

The evidence was clearly insufficient to support the finding or justify the conclusion, whichever it may be designated, of laches.

The cases cited by respondent to the effect that laches for many years may constitute a defense to contempt proceedings, are no authority for his contention that the failure of an aggrieved party to immediately enforce payment of an award of alimony and support money may be treated as laches.

Though defendant had made out a prima facie showing of laches or estoppel, which he failed to do, plaintiff would have been entitled to rebut such showing, which she was not permitted to do. Plaintiff was denied the right to show that defendant had concealed his assets and had practiced fraud and deceit upon the court, which would tend to show that whatever plaintiff did or refrained from doing was induced by the wrongful conduct of defendant. That defendant did conceal his assets for a long period of time was attempted to be shown by proffering in evidence the contract between defendant and his father, discussed in the case of *Tracy Loan & Trust Co.* v. *Openshaw Inv. Co. et al.*, 102 Utah 509, 132 P. 2d 388. The evidence was clearly admissible for the purpose of repelling any inference of laches.

The trial court was in error in refusing to have execution issue for the total amount adjudged by it to be due and unpaid under the modified decree.

But one other assignment needs to be considered. Appellant contends that the court erred in its finding as to the

amount of unpaid installments of alimony and that the finding should have been in an amount in excess of that adjudged. The trial court based its finding on ■ such issue on the testimony of defendant, crediting him with all payments he testified to having made—except as to several payments evidenced by certain checks introduced in evidence. It is upon the shocking effort of defendant to have the court accept such checks at their face value that appellant grounds her argument of error on the part of the court in basing its finding upon his testimony. The checks in question, Exhibits 1-A, 1-B and 1-C purported to bear dates of issue after 1933, but they show bank cancellation stamp marks of payment by the bank on which drawn, anywhere from five to ten years prior to the date appearing on the face of the checks. Some of these checks were obviously altered, having been apparently issued for small amounts, and after erasures the amounts were raised to sums of $50, $160 and $300. In some cases a mere cursory inspection of the instrument reveals that the name of the payee on the check was changed, and endorsements were altered. Such conduct could have had but one purpose—to deceive the court and obtain credit for payments which defendant had not made, in order to defraud plaintiff.

While it is difficult to see how credence could be given to any of the testimony of the witness which was uncorroborated after such a reprehensible attempt to mislead the court, nevertheless an examination of the record shows that the testimony of witnesses for appellant relative to payments made by respondent was so indefinite as to require that if a finding be made based thereon it would require merely estimating the amount. The trial court made its finding on amounts admitted by the respondent. Under the circumstances it was not reversible error so to do.

The cause is remanded to the district court with directions to vacate the order from which the appeal has been taken by plaintiff, and to enter judgment for $7,717.42 as the unpaid balance due as of November 3, 1941, and to order

issuance of execution against defendant for such sum with interest computed to date of execution. Costs to appellant.

WOLFE, C. J., and LARSON, MOFFAT, and WADE, JJ., concur.