## GARDNER v. GARDNER.

No. 7012. Decided February 20, 1947. (177 P. 2d 743.)

See 27 C. J. S. Divorce, sec. 322; 17 Am. Jur. 534.

*W. D. Beatie,* of Salt Lake City, for appellant.

*McCullough, Wilkinson & Boyce,* of Salt Lake City, for respondent.

PER CURIAM.

Appeal from an order modifying a decree of divorce. On the 13th day of March, 1946, Mrs. Gardner, defendant below and respondent here, was granted a divorce from Mr. Gardner, plaintiff below and appellant here. Respondent was awarded the custody of the minor child, the issue of the marriage between respondent and appellant, and the appellant was ordered to pay respondent $30 per month support money for the minor child. The decree was silent on appellant's right to visit the child and on whether or not respondent could remove the child from the state.

On the 25th of May, 1946, appellant filed a petition for modification of the decree. By that petition as later amended he sought to have the custody of the child awarded to him and to have the child returned from Wyoming where the respondent had taken it, *or* to have the payment of support money suspended while the child is outside the jurisdiction of the district court.

By answer to the amended petition for modification and by cross-petition, the respondent alleged that the divorce decree gave appellant no right of visitation and that it did not prohibit the removal of the child from the state. She denied the appellant's allegations which sought to justify taking the custody of the child from the respondent and giving it to the appellant. The cross-petition requested that appellant be punished for contempt for failing to pay past support money.

Hearing was had on the order to show cause which was issued on appellant's petition for modification. The court determined the issues made by the amended petition and answer thereto and the cross-petition and ordered the decree of divorce to be modified to restrain the respondent from taking the child from the state and to give the appellant certain rights of visitations. Respondent was given a judgment against appellant for unpaid support money.

In addition to deciding the issues made by the pleadings the lower court also determined that $30 per month is insufficient for support money and that $50 per month is a just and reasonable sum for support of the child. The court ordered the support money award in the decree modified to increase it from $30 to $50 per month. In none of the pleadings is there an allegation that $30 is insufficient or that an increase in that award is needed or desired.

The only question before us on this appeal is: Was it error for the trial court to change the amount of the support money award in the absence of pleadings requesting the alteration and alleging changed conditions and circumstances which would support the modification?

Our decision in the case of *Jones* v. *Jones*, 104 Utah 275, 139 P. 2d 222, is controlling in this case. We there held that it was reversible error for the lower court to modify the alimony award in a divorce decree by increasing it from $30 to $50 per month when there was no pleading to support that modification. The fact that

an alimony award was involved in the *Jones* case while a support money award is involved in this case does not make our decision in that case inapplicable here.

To secure a modification of a support money or an alimoney award in a decree of divorce the moving party must allege and prove changed conditions arising since the entry of the decree which require, under rules of equity and justice, a change in the decree. *Barraclough* v. *Barraclough*, 100 Utah 196, 111 P. 2d 792; *Hampton* v. *Hampton*, 86 Utah 570, 47 P. 2d 419.

That portion of the order and judgment which changes the support money award is reversed and the award of $30.00 per month support money as made in the original decree of divorce is reinstated. Costs to appellant.