497 P.2d 15

Constance NIELSEN (Bagley), Plaintiff and Appellant,

v.

Gerad I. NIELSEN, Defendant and Respondent.

No. 12604.

Supreme Court of Utah.

May 9, 1972.

James P. Cowley and Robert D. Maack, of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for plaintiff-appellant.

HENRIOD, Justice:

Appeal from a judgment modifying a divorce decree. Affirmed with costs to defendant.

The parties were married in 1947, four children being born issue thereof. They were divorced in 1960, and plaintiff was awarded custody of the children and "$100 per month for *their* support and maintenance." About ten years later, at and after hearing had on a petition filed by plaintiff, and after one of the children had attained her majority five years before, the parties stipulated in writing 1) that defendant was in arrears $1850 on the support money "previously *ordered* by the court" in 1960, and 2) that defendant "claims that he should be allowed a credit of . . . $25 per month" for the five-year period, and 3) that commencing in March 1971 defendant would pay $62.50 per month for *each* of the three remaining minor children (or $187.50 per month as compared to the original $100 per month for the four of them).

The hearing mentioned was had on February 9, 1971, and continued to March 23, 1971, at which time the parties were sworn and "thereafter" entered into the stipulation referred to, and "based upon the testimony adduced at the hearing . . . and the stipulation thereafter entered into . . and the court being deemed fully advised in the premises" entered judgment crediting defendant with the $25 per month for the previous five years and increasing the child support amount by $87.50 per month.

It is quite obvious that after the hearing and sworn testimony, the court properly exercised its continuing jurisdiction prerogative based on evidence and changed circumstances, and hence did not err in adjusting the equities by allowing the credit and upping the award.

Plaintiff's only point on appeal has to do with the credit allowed. A number of authorities are cited to the effect that alimony and support awards are not extinguished automatically, once accrued. We have no quarrrel with those authorities but do not consider them dispositive here. Plaintiff cites Austad v. Austad, 2 Utah 2d 49, 269 P.2d 284 (1954), for that proposition, but that case also says that ordinarily alimony is chopped off and does not continue to accrue after marriage,—and the same conclusion logically would seem to follow if an award of $25 per month each had been given for four children, and one of them attained his majority, where the support obligation, like alimony, comes to an automatic termination. We need not decide that question here. It would be to question the lower court's intelligence to urge in the instant case that his crediting of the amount for which the court felt there really was no obligation to pay on the minor's reaching its majority in the instant case, was beyond his jurisdiction in calculating future responsibility of defendant. It is obvious what the court intended to do, and, in the interest of the equities, he could have adjusted the future payments so that by indirection there would have

## 402

been no occasion to question the jurisdiction, by the simple device of awarding future payments to absorb any questionable sums based on accrued amounts. We choose to recognize, without such niceties, the obvious intent of the trial judge,—and hence we affirm.

This case reflects the accepted principle that the trial judge, having continuing jurisdiction of domestic relations matters, having the parties before him and evidence in front of him, elicited under the sanctity of an oath, is better structured to wear the robe of Solomon than we who sit more frigid before the cold record on appeal.

ELLETT and CROCKETT, JJ., concur.

TUCKETT, Justice (dissenting).

I respectfully dissent. The original decree in this matter awarded to the plaintiff a lump sum of $100 per month for the support of the four children. The decree did not segregate the amount into four parts for the support of each of the children. In the proceedings before us which were brought by the plaintiff to enforce the provisions of the decree, it was stipulated that the defendant had failed to pay an accumulation of $1850. It was also stipulated that the eldest child had reached the age of majority some years prior. While that fact may have been a sufficient

ground to support a petition for modification, it does not appear that the defendant attempted to have the decree modified. It is my view that without a modification the delinquent support money payments accumulated without reduction, and that the plaintiff would have been entitled to a judgment for the total amount of the delinquency. Had the original decree specified that the plaintiff was entitled to the sum of $25 per month for the support of each of the children, I would have no quarrel with the majority opinion. Inasmuch as the award did not provide that each of the four children was to receive one quarter of the award, I believe the court below abused its discretion in taking away a portion of that which had accumulated under the terms of the decree. I would view the delinquency under the terms of the decree as any other debt and that the court should not interfere with a private obligation or relieve a debtor of the duty to pay.

The main opinion cites the case of Austad v. Austad[1] which dealt with a situation where a divorced wife had remarried. By the remarriage the former wife contracted with someone else to provide for her support. However, in this case, the defendant did not divorce his children. It would seem to me that the situation we have here was dealt with in the case of Rockwood v. Rockwood.[2]

1. 2 Utah 2d 49, 269 P.2d 284 (1954).

2. 65 Utah 261, 236 P. 457.

 

I would reverse the trial court as to that part of its order which took away a part of the accumulated support payments.

CALLISTER, C. J., concurs in the dissenting opinion of TUCKETT, J.