Raymond C. HANSEN, Plaintiff and
Respondent,

v.

Mary J. HANSEN, Defendant and Appellant.
No. 13985.

Supreme Court of Utah.

June 25, 1975.

Richard M. Taylor, Spanish Fork, for defendant-appellant.

Allen K. Young of Stott & Young, Provo, for plaintiff-respondent.

MAUGHAN, Justice:

An appeal from a decree granting a divorce to the plaintiff husband raises two points for our consideration, viz., that the findings of fact are insufficient to support a decree of divorce, the court abused its discretion in the amount of alimony awarded. The determination of these points is made in that order.

The foundation for the first assignment of error is that the acts of defendant, against plaintiff, (which the findings set forth as cruel conduct causing plaintiff great mental distress and suffering), are not sufficient to sustain a decree of di-

vorce. Defendant claims this is so, because acts constituting cruel conduct sufficient to cause great mental distress and suffering must be aggravated and more severe when directed toward the husband than when directed toward the wife.

Hyrup v. Hyrup [1] is cited as authority for that claim. In that opinion the court cited Doe v. Doe,[2] wherein it was said:

"The adjudged cases show that courts, on the ground of cruelty, grant the wife a decree on much less evidence than they do the husband. That rests on sound principles, for acts and conduct on the part of a husband may well constitute cruelty to the wife causing her great mental distress, when similar acts and conduct on her part may not constitute cruelty to him, or cause him great mental distress. Before a decree is granted the husband on such ground, it ought to be a somewhat aggravated case."

Commenting further: "Measured by such standard we think the evidence in the case at bar wholly insufficient to justify a decree of divorce upon the grounds of cruelty."

The concept expressed by Hyrup is that of another era, and is no longer in accord with our law. Our society has changed a great deal in the last fifty years, and our legislatures responding to these societal changes have modified our divorce laws several times, and in ways which render Hyrup and others like it anachronisms. Further, 30–3–2, U.C.A.1953, as amended, provides:

The husband may in *all* cases obtain a divorce from his wife for the *same* causes and in the *same* manner as the wife may obtain a divorce from her husband. [Emphasis added.]

■ The court below found that the cruel conduct consisted of defendant harassing plaintiff on numerous occasions, causing arguments over income tax payments, the repair of defendant's property, the sale of the California property and other matters, all of which caused plaintiff great mental distress and suffering; and all of which occurred since a decree of separate maintenance was entered on the 29th day of August, 1972. Plaintiff presented expert medical testimony, which indicated that plaintiff suffered mental anguish as a reaction to this marital discord.

■ This court has held that whether the conduct complained of constitutes mental cruelty must be ascertained from the facts of each case. The conduct and the resulting mental distress must be evaluated in light of the sensibilities of the individual party, against whom the conduct is directed; for it will vary according to the individual's intelligence, refinement, and delicacy of health. The ultimate determination must realistically depend upon the effect of the conduct upon the complaining party.[3]

The instant record discloses no basis upon which it could be said that the facts adduced by plaintiff were not sufficient to cause great mental distress and suffering. Particularly is this so for the reason that it clearly appears that defendant did not want to live with plaintiff, but only sought to preserve the relationship for certain financial benefits.[4]

Defendant's second contention is that the award of $70 per month alimony was inadequate and unjust. Defendant asserts the court abused its discretion in awarding a sum less than $100 per month.

■ In a divorce action, the trial court has considerable latitude of discretion in adjusting financial and property interests. The burden is upon the appellant to prove that there was a misunderstanding or mis-

1. 66 Utah 580, 245 P. 335 (1926).

2. 48 Utah 200, 158 P. 781.

3. Stevenson v. Stevenson, 13 Utah 2d 153, 154, 369 P.2d 923 (1962); Curry v. Curry, 7 Utah 2d 198, 201, 321 P.2d 939 (1958).

4. Ghost v. Ghost, 26 Utah 2d 398, 490 P.2d 339 (1971).

application of the law resulting in substantial and prejudicial error; or that the evidence clearly preponderates against the findings as made; or a serious inequity has resulted as to manifest a clear abuse of discretion.[5]

■ It should be noted that defendant was awarded the benefit and use of virtually all the property accumulated by the parties during their marriage. Plaintiff was required to procure and pay all premiums on a health insurance policy for defendant's benefit. The purpose of the alimony was to defray the costs of the medication required each month by defendant. The evidence was that the cost of the med-

ication was approximately $70 per month, and the court amended its original findings from $30 to $70 per month, to so provide; and entered its decree for the latter amount.

The record discloses no lack of evidence to sustain the divorce, nor an abuse of discretion in the award of alimony. The judgment of the trial court is affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., does not participate herein.

5. Mitchell v. Mitchell (Utah), 527 P.2d 1359 (1974).