**Lynn BAKER, Plaintiff and Appellant,**

v.

**Dorothy Noyce BAKER, Defendant and Respondent.**

**No. 14221.**

Supreme Court of Utah.

June 28, 1976.

Robert L. Lord, Salt Lake City, for plaintiff-appellant.

Bruce E. Humberstone, Salt Lake City, for defendant-respondent.

MAUGHAN, Justice.

Plaintiff appeals from a decree of divorce, asserting three of the findings were not supported by the evidence, and the distribution of the property was inequitable. We affirm the decree. We remand for a determination of reasonable attorney fees, for this appeal; which we award to defendant, together with costs.

The parties were married for 27 years, five children were issue of the marriage. At the time of the hearing, two daughters, ages 17 and 18, resided with their mother, defendant. Initially, plaintiff filed a complaint to which defendant responded, including a counterclaim. Plaintiff withdrew his complaint as to grounds for divorce but presented evidence concerning alimony, child support, and distribution of property. Plaintiff's gross income in 1974 was almost $14,000. He was employed as a police officer, earning extra income on other employments. The parties had owned an upholstery shop, where defendant had worked for 18 years. Plaintiff had collected all the money for the work done by defendant, depositing it for family use.

This action was precipitated by the brutal beating of defendant by plaintiff. The injuries sustained by defendant were to her back and neck. She had previously been injured in 1964 in an automobile accident and had a back fusion. Defendant's sole job skill was as an upholsterer and under doctor's orders she could no longer pursue this line of employment. She was required to wear a back brace, and be in traction at home three times a day. She must go for physical therapy three times a week.

The parties owned a family residence, which plaintiff valued at $35,000. The home had an $11,313 mortgage and an estimated $3,000 special assessment for street improvements which had not yet begun. The parties owned a second home, a gift from defendant's father, which plaintiff valued at $32,000. Defendant testified her father intended to give the home to her, but 18 months prior to her father's death, while he was in ill health and of unsound memory, plaintiff had him convey the property to them jointly.

The parties had incurred an indebtedness of approximately $41,243.50; however, this included the mortgage and special assessment on the family residence which defendant was awarded with an assumption of the mortgage. The principal indebtedness of the parties was a $10,000 debt to the Salt Lake Police Credit Union and $9,621 to the Salt Lake City Employees Credit Union. The indebtedness to the Police Credit Union included approximately $3,400 on a truck awarded to plaintiff; $1,250 for family bills, and $4,800 for which plaintiff acted as a cosigner with his children to purchase vehicles. Plaintiff testified he paid the children's accounts. However, the record indicates plaintiff refused to contribute to the support of defendant, and the children had assisted her including paying utilities after they were shut off. The indebtedness to the other credit union included $5,100 for a Lincoln Continental, awarded to plaintiff.

To resolve the parties financial problems the trial court ordered plaintiff to sell the home given to the parties, by defendant's father, and use the proceeds to discharge the indebtedness. Plaintiff was ordered to pay defendant $200 per month alimony and $100 per month support for each of the two daughters until they attained the age of 21 years or were married or self-supporting.

Included in the record are certain subsequent proceedings. Plaintiff had failed to pay the alimony and child support. Defendant had the delinquent sums reduced to judgment. To avoid garnishment, plaintiff assigned his wages to the two credit unions and his attorney. Defendant alleged that plaintiff had listed the real property with his brother, a real estate broker, and that no good faith effort to sell the property had been made. The trial court ruled it

had no jurisdiction to resolve this matter, since the decree was on appeal.

■ Plaintiff contends there was insufficient evidence to support Finding 4: That daughters Karen, age 18, and Patricia, age 17, are living at home and have significant health problems and are dependent upon defendant for support.

Defendant testified Karen was a diabetic and had certain medical complications, which caused her to go into comas. At the time of the hearing Karen had recently been graduated from high school, and planned to attend college. Her employment was limited to eight hours a week. Daughter, Patricia, a minor, whose custody was awarded to defendant, was a borderline diabetic having been ill with a severe case of mononucleosis.

Plaintiff claims the finding · is inadequate, because there was no medical testimony as to the seriousness of the conditions, or the consequent degree of disability. He further suggests that improved dietary habits and medication could improve the conditions. Many of the debts of the parties were for medical bills, and plaintiff had equal knowledge of the condition of his daughters. He neither sought expert testimony as to their condition, nor did he cross-examine defendant as to the matters he now asserts. His claim is without merit.

■ Defendant further contends his alimony payments should have been deferred until he satisfied his other financial obligations. There is nothing in the record to indicate he sought this relief in the trial court, and it may not be considered on appeal. However, he urgently sought to be relieved of any alimony payments at the trial. The evidence he had inflicted serious injuries on defendant, and destroyed her means of supporting herself is a sufficient response to this claim.

■ Plaintiff claims there is insufficient evidence to support the finding he is able-bodied, gainfully employed, and capable of paying child support and alimony. He asserts the debts impose an impossible burden upon him. The trial court devised a plan to restore the parties to financial stability, if plaintiff would comply with the orders of the trial court his alleged problems would be resolved.

Plaintiff further urges the distribution of the property was inequitable and constituted a gross abuse of discretion by the trial court. Plaintiff queries how can he reconstruct his life when he is saddled with the unbearable burdens of debt (for the discharge of which the trial court ordered his wife's father's property be sold), support for his sick children, and alimony to a wife he disabled?

■ In a divorce action, the trial court has considerable latitude of discretion in adjusting financial and property interests. Plaintiff has not sustained his burden to prove there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error; or the evidence clearly preponderated against the findings; or such a serious inequity has resulted as to manifest a clear abuse of discretion.[1]

■ Finally, plaintiff contends the trial court did not have jurisdiction to determine the ownership of a piano in the possession of plaintiff's sister, who was not before the court. The trial court found the piano was defendant's property, and that she had never reliquished ownership. Plaintiff was ordered to transfer the piano to the home of defendant within a reasonable time.

The record indicates that defendant inherited the piano. Plaintiff's sister offered to let defendant store the piano in the sister's basement. Although plaintiff claimed his wife had given the piano to his sister, he admitted on cross-examination he had never heard his wife so state, but he assumed that because of the long period of

1. *Hansen v. Hansen*, 537 P.2d 491 (Utah 1975).

time it had been located at the sister's home, it was hers.

The trial court devised a plan to expedite the transfer of the piano. It is incumbent upon plaintiff to attempt to comply with the order, if he is unable to do so he may respond in an enforcement proceedings.

A review of the entire record indicates a clearly contemptuous course of conduct, on the part of the plaintiff. He has utilized every means to deter his wife from collecting alimony and child support.

HENRIOD, C. J., and ELLETT and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring in the result).

I concur in affirming the findings and judgment of the trial court on the ground that it is not shown that he abused his discretion.