Shirley W. ADAMS, Plaintiff
and Appellant,

v.

Charles W. ADAMS, Defendant
and Respondent.

No. 15673.

Supreme Court of Utah.

March 27, 1979.

C. J. Jaussi of Mulliner, McCullough & Jaussi, Orem, for plaintiff and appellant.

Gary D. Stott, Provo, for defendant and respondent.

WILKINS, Justice:

Plaintiff appeals from an order of the District Court for Utah County, sitting without a jury, terminating alimony and denying judgment against defendant for unpaid alimony which accrued between March, 1972 and October, 1977.

Plaintiff obtained a decree of divorce in 1970 (later modified that same year) by which she was awarded custody of the four minor children of the parties together with $60 per month child support for each child, and $100 per month as alimony. On March 31, 1972 the decree was further modified; custody of the children was awarded to defendant, and defendant's further obligation to pay child support was terminated. Defendant paid no alimony after that time.

In October, 1977, plaintiff caused an order to issue against defendant to show cause why judgment for alimony accruing since March 1972 should not be entered against him. Defendant moved to modify the decree of divorce to terminate alimony, and the two matters were heard together.

In its written findings of fact, the Court found that plaintiff knew or should have known within six months after the change of custody in 1972 that defendant did not recognize a duty to pay alimony since he had paid none; that plaintiff had a duty to inform defendant that she claimed alimony, and that by her silence for five and one-half years she was estopped from claiming alimony against defendant. The Court further found that there had been a significant change in the circumstances of the parties since the time of the decree. The Court entered judgment against defendant in the amount of $440 (as unpaid alimony accrued to March, 1972 and for six months thereafter), reduced alimony to $1.00 per year, and ordered each party to bear his or her own costs and attorneys' fees.

Plaintiff contends that the Court erred in finding that she is estopped to assert her claims for accrued and unpaid alimony merely because she did not claim it for a period of five and one-half years. We agree. Mere silence on the part of plaintiff is not sufficient to raise an estoppel, and we find nothing in the record to support the Court's finding that she had a duty to speak. In the case of *French v. Johnson*, 16 Utah 2d 360, 401 P.2d 315 (1965), this Court held:

> The facts show no representations, either explicit or implicit, by plaintiff to defendant with respect to discontinuation of payments . . . Mere silence over a period of time will not raise an estoppel.

See also *Baggs v. Anderson*, Utah, 528 P.2d 141 (1974) and *Openshaw v. Openshaw*, 105 Utah 574, 144 P.2d 528 (1943). The record does not show that plaintiff misled defendant in any way, nor that defendant changed his position to his detriment in reliance on any representations or actions on the part of plaintiff. Defendant cannot rely on his mistaken belief that his obligation to pay alimony terminated because he had custody of the minor children. Installments of support money vest as they become due.[1] The Court has no power to modify the decree as to these vested rights,[2] unless it finds that each element of equitable estoppel applies. None of those elements are present in this case.

Plaintiff next argues that the District Court erred in modifying the decree and reducing future alimony payments to $1.00 per year.

1. *Cole v. Cole*, 101 Utah 355, 122 P.2d 201 (1942); *Openshaw v. Openshaw*, supra.

2. Though, of course, the Court has the power, in equity, to moderate the *enforcement* of accrued and unpaid alimony.

 An award of alimony, or modification thereof, is within the sound discretion of the Court, and will not be disturbed on appeal unless the evidence clearly preponderates against the findings of the Court, or there has been a misapplication of the law, or the Court has clearly abused its discretion.[3] The Court may modify an award of alimony upon a showing that the circumstances of the parties have so changed since the time of the decree that, in equity, a change in the award is also required.[4] The burden of showing such a change of circumstances is on the obligor, the defendant here.[5]

 Here, the District Court found that there had been a significant change in the circumstances of the parties. The defendant established that the plaintiff had increased her earnings since the time of the decree, but introduced no evidence with respect to his own financial status. Plaintiff then attempted to question defendant in this area, but the Court ruled that such evidence was immaterial since this was defendant's burden, and he had introduced no such evidence. In so ruling, the Court said:

> The only thing he's (the defendant) talking about, I think as far as the change in circumstances are concerned is the fact that she doesn't have the children and has no obligations for them . . . And he didn't go beyond that, that I know of.

It is clear, therefore, that the substantial change of circumstances found by the Court was based on the change of custody. But with respect to that change, the decree was modified in 1972 by the termination of de-fendant's obligation to pay child support, and the award of alimony was not then modified.[6] A subsequent modification of the alimony cannot be based on the same change of circumstances.

Additionally, plaintiff should have been allowed to pursue the questioning of the defendant concerning his financial status so that the Court could make a meaningful analysis of the present financial positions of both parties as a basis for determining whether there had been a substantial change of circumstances to justify the reduction in alimony.

 Plaintiff also contends that the District Court erred in not ordering defendant to pay her her attorney's fees, and she requests attorney's fees for the purposes of this appeal. An award of attorney's fees is largely discretionary with the Court, and as the record shows that plaintiff is working and earning money, and does not disclose any necessity on the part of plaintiff for such award, or her inability to pay her own attorney's fees,[7] we do not find any abuse of the Court's discretion in its denial of such fees. Attorneys' fees on appeal are denied for the same reason.

The judgment of the District Court of Utah County, dated February 2, 1978 is reversed and this case remanded to that Court with instructions to enter judgment in favor of plaintiff for unpaid alimony accruing since March 1972, and to grant a new hearing on defendant's motion to modi-

**3.** *Baker v. Baker*, Utah, 551 P.2d 1263 (1976); *Hansen v. Hansen*, Utah, 537 P.2d 491 (1975).

**4.** Section 30-3-5, Utah Code Ann., 1953, as amended; *Gardner v. Gardner*, 111 Utah 286, 177 P.2d 743 (1947); *Osmus v. Osmus*, 114 Utah 216, 198 P.2d 233 (1948).

**5.** *Hampton v. Hampton*, 86 Utah 570, 47 P.2d 419 (1935).

**6.** It is noted that the District Court also found that the alimony award had been increased by a January 1972 order, entered pursuant to stipulation. That order, however, was a temporary order, and expired by its terms upon the entry of the order following the hearing in March, 1972. The Court, and counsel, may have been misled since the order speaks of *bi-monthly* payments of "alimony and child support" in the amount of $110. At that time, plaintiff had custody of only two of the children, and the child support payments were $60 for each child per *month*. The record does not disclose that the alimony award was modified since the June 16, 1970, decree.

**7.** See Section 30-3-3, Utah Code Ann., 1953, as amended; *Weiss v. Weiss*, 111 Utah 353, 179 P.2d 1005 (1947).

fy the decree to terminate alimony. Costs to plaintiff.

ELLETT, C. J.,* and CROCKETT and HALL, JJ., concur.

MAUGHAN, Justice (dissenting):

For the following reasons I cannot join in the main opinion.

Here plaintiff seeks the aid of equity to secure an award of 5½ years of alimony, after maintaining total silence for that period of time. The main opinion remands the matter for inquiry into defendant's financial circumstances. I would also require inquiry to be made into the reasons for plaintiff's stale demand. If they are not conscionable, equity should refuse to enforce the award, or make such modifications as satisfy the conscience of the court. From this record plaintiff seems to me to appear after the fashion of a spring gun.

---

* Chief Justice Ellett had acted in this case before his retirement, December 31, 1978, other factors resulted in its delayed release at this time.