Agnes BECKSTEAD, Plaintiff
and Respondent,

v.

Delos BECKSTEAD, Defendant
and Appellant.

No. 18331.

Supreme Court of Utah.

March 18, 1983.

Don Blackham, West Valley City, for defendant and appellant.

Don E. Olsen, Kenneth M. Hisatake, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from a modification of a divorce decree based on changed circumstances.

The parties were divorced in 1979. Defendant was ordered to pay plaintiff $205 per month alimony. At the time of the divorce, the principal marital asset was the family home in Sandy, Utah. There was an outstanding mortgage balance on the home in the amount of about $28,000, which mortgage had been obtained for the benefit of their daughter.[1] The court ordered that the home be sold and that the proceeds be divided 60% to plaintiff and 40% to defendant. The mortgage balance was deducted from plaintiff's share of the proceeds and she received in its place the daughter's obligation to the parties for the loan they had made to her.[2]

In 1981, plaintiff filed a petition to modify the decree based on changed circumstances. The daughter's debt to her had been discharged in bankruptcy and plaintiff sought an increase in alimony because she had not realized her fair share in the proceeds from the sale of the home. Accordingly, the court increased alimony from $205 to $400 per month. It is from that order that defendant appeals.

1. Their daughter received the proceeds of the loan and had been making monthly payments on the loan.

2. Apparently, it was anticipated that the daughter would make monthly payments to plaintiff in the amount of $237.

Defendant contends that there has been no change of circumstances to justify the increased alimony. He argues that the daughter's bankruptcy did not affect plaintiff in the least, because the daughter had made *no* payments on the debt since the original decree was entered. Defendant also alleges that because of his inability to pay, the trial court abused its discretion in increasing the alimony award.

It is true that in order to secure a change in alimony, the moving party must allege and prove changed conditions arising since the entry of the original decree.[3] It is also true that the trial court retains a considerable latitude of discretion in modifying a decree.[4] In the instant case, we do not believe that discretion was abused. Clearly, plaintiff has been denied a portion of the proceeds which it was contemplated she would receive from the home. Whether the daughter had *or* had not made payments since the decree is immaterial in this case, because the property settlement was "inextricably involved" with the alimony award.[5]

The judgment is affirmed.

**3.** *Hampton v. Hampton,* 86 Utah 570, 47 P.2d 419 (1935).

**4.** *Mitchell v. Mitchell,* Utah, 527 P.2d 1359 (1974).

**5.** See *Dogu v. Dogu,* Utah, 652 P.2d 1308 (1982).