Sally M. MARTINEZ and the State of Utah,
by and through Utah State Department of
Social Services, Plaintiffs and Appellants,

v.

Eugenio Max ROMERO, Defendant and
Respondent.

No. 14573.

Supreme Court of Utah.

Dec. 21, 1976.

Vernon B. Romney, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiffs and appellants.

Samuel King, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Before us is an appeal from a judgment of the District Court dismissing plaintiff's complaint, for the reason the claim is barred by the statute of limitations. We affirm. All statutory references are to U.C.A.1953.

The action was commenced pursuant to 78–45a–1 and 2, as enacted 1965. The mother of a child and the Department of Social Services, joint plaintiffs, sued to recover money expended by the state, for confinement and child support expense. They also sought an order for future support.

It was alleged the child was born out of wedlock on January 25, 1968; defendant was liable for confinement expenses and child support by virtue of 75–45a–1; defendant had refused to acknowledge the child; judicial determination of paternity was necessary as provided in 78–45a–2. The state also alleged that they paid a $500 expense for the pregnancy and confinement; had provided support to the mother for the child, from February 1972 to January 1976, in the sum of $3,600; it was currently paying $75 per month for support of the child.[1]

Defendant moved to dismiss pursuant to Rule 12(b)(6), U.R.C.P., on the ground the action was commenced after the pe-

---

1. Sec. 78–45a–3 provides: "The father's liabilities for past education and necessary support are limited to a period of four years next preceding the commencement of an action."

riod of limitation of 78–12–22, as amended 1975. The complaint was filed January 27, 1976, the child was born January 25, 1968, thus the action was filed two days after the eight year period of limitations of 78–12–22.

The court granted defendant's motion, on the ground the liability to support does not exist, unless paternity is established and held the action barred by the eight year statute of limitations. Thus, the court rejected plaintiff's assertion that an action to establish paternity, under 78–45a–2, may be initiated at any time.

Plaintiffs contend the court erred in its interpretation of 78–12–22. They urge this statute is a limitation on the enforcement of an established order for support, but is not a bar to bringing an action to establish paternity.

78–12–22, provides "within eight years":

> . . . An action to enforce any liability due or to become due, for failure to provide support or maintenance for dependent children.

A review of plaintiffs' pleadings reveals the sole basis upon which they claimed defendant was liable. Their basis is formed in 78–45a–1, which provides:

> The father of a child which is or may be born out of wedlock is liable to the same extent as the father of a child born in wedlock, whether or not the child is born alive, for the reasonable expense of the mother's pregnancy and confinement and for the education, necessary support and funeral expenses of the child.
> . . .

78–45a–2, provides:

> Paternity may be determined upon the petition of the mother, child, or the public authority chargeable by law with the support of the child. *If paternity has been determined* or has been acknowledged according to the laws of this state, *the liabilities of the father* may be enforced in the same or other proceedings (1) by the mother, child, or the public authority which have furnished or may furnish the reasonable expenses of pregnancy, confinement, education, necessary support, or funeral expenses . . . . [Emphasis supplied.]

The liability of a father for support and maintenance, as specified in Sec. 1, is made contingent on a determination of paternity, as provided in Section 2. Paternity is an integral part of the statutory action to establish liability under Chapter 45a, Title 78, and it must be pleaded and proved. The current action was one to enforce defendant's liability to provide support and maintenance for a dependent child. The action was not brought within eight years; and therefore, barred by 78–12–22.

HENRIOD, C. J., and ELLETT, CROCKETT and WILKINS, JJ., concur.