Edwena NIELSEN and the State of Utah, By and Through Utah STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiffs and Appellants,

v.

Steven HANSEN, Defendant and Respondent.

No. 14628.

Supreme Court of Utah.

May 16, 1977.

Vernon B. Romney, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiffs and appellants.

Alan D. Frandsen, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

The appellants sued respondent to establish paternity and to require him to pay $40 per month for the support of his alleged illegitimate child. The complaint alleges that on February 2, 1965, the respondent signed and swore to a document entitled "Acknowledgment of Paternity and Support Agreement" wherein he acknowledged that the infant child was his issue and wherein he prayed "that a judgment be entered decreeing said child as a legitimate child of your petitioner, . . .; and that it be his legitimate child by acknowledg-

**13.** 73 C.J.S. Public Administrative Bodies and Procedure § 100, p. 418, as quoted supra in this opinion.

ment; and that your petitioner be decreed, therefore, the right to visit said child at reasonable times and places; and that your petitioner be ordered to pay the amount of forty dollars ($40.00) per month for the support of said child until it reaches the age of majority."

The complaint further alleges that the State of Utah is now furnishing assistance to the child in the amount of $40 per month and has done so for the past four months.

The trial court dismissed the complaint upon the ground that the statute of limitations[1] prevented a recovery. That section, so far as material, provides that an action to enforce any liability due or to become due, for failure to provide support or maintenance for dependent children, must be brought within eight years. The meaning of the phrase "to become due" is that when an amount is to become due in the future, suit must be begun within eight years after it accrues. The statute of limitations thus applies equally to a liability which will accrue in the future as it does to one which is now due.

This suit is not an action to recover on a contract nor is it one to collect for failure to furnish support to one's minor child. It is a suit to have the court declare the respondent to be the father of an illegitimate child and to obtain support for said child. Neither is this a case under the Bastardy Act wherein a prosecution must be brought within four years after the birth of the child.[2]

Under the Uniform Paternity Act[3] the father's liability for past education and necessary support are limited to a period of four years next preceding the commencement of the action. Here, appellants only seek support for four months past.

The State Department of Social Services may bring suit against the father either in the name of the obligee or in its own name.[4]

The document alleged to be signed by the respondent is not now a valid contract for the reason that it does not comply with the provisions of our statute[5] which provides that an agreement of settlement with the alleged father is binding only when approved by the court.

We are unable to find any time limitation as to when a suit may be instituted to determine paternity. The child has an interest in the matter and courts should be reluctant to invent limitations not set out in the statute, especially where minor children may be adversely affected thereby.

Ordinarily a statute limiting the time for bringing an action is considered to be in the public interest in that it prevents groundless actions from being won because of defendant's inability to present evidence. In cases of establishing paternity, there are other public policy considerations such as the need of a minor child for support and the requirement that the man who actually sired the child be required to furnish its support.

In this case, the possibility of a false claim being perpetrated is remote because of the acknowledgment of paternity which was signed and sworn to, should it be established as genuine. If the document of acknowledgment is established as genuine, the respondent is in a poor position to complain because of delay in its presentment to a court. Each month of delay saved the respondent $40 and that seems to be to his advantage. If he has any defenses to raise because of laches, etc., he can do so by answer. He cannot prevail by having the complaint dismissed.

The case of *Martinez v. Romero*[6] decided December 21, 1976, was brought by the Department of Social Services and the mother of an illegitimate child to recover money expended by the State of Utah for confinement at birth, for child support fur-

1. 78–12–22, U.C.A.1953 (1975 Pocket Supp.).

2. 77–60–15, U.C.A.1953.

3. 78–45a–3, U.C.A.1953 (1975 Pocket Supp.).

4. 78–45a–2, U.C.A.1953 (1975 Pocket Supp.).

5. 78–45a–13, U.C.A.1953 (1975 Pocket Supp.).

6. Utah, 558 P.2d 510 (1976).

nished by the state, and to compel the defendant to furnish future support for the child. Certain language used in that decision seems to be in conflict with our decision herein. Insofar as the language of that case is at variance with the present decision, it is disapproved and overruled.

The judgment of the court below is reversed, and this matter is remanded for such further proceedings not inconsistent with this decision as may be proper. No costs are awarded.

CROCKETT, J., concurs in the main opinion and also in Justice HALL's concurring opinion.

HALL, Justice (concurring):

As I read Section 78–12–22, U.C.A.1953, an action for support of dependent children due or to become due is limited to eight years [1] and such is consistent with the interpretation of said section set forth in *Martinez v. Romero*.[2] However, this section pertains only to the issue of support and maintenance and does not encompass determinations of paternity which are separately and specifically provided for in Section 78–45a–1, ff, U.C.A.1953 (Uniform Act on Paternity), and while there is no limitation as to when a suit may be instituted to determine paternity, Section 3 thereof provides:

> The father's liabilities for past education and necessary support are limited to a period of four years next preceding the commencement of an action.

It is therefore clear that the Legislature has seen fit to specifically provide an eight year statute of limitations on the recovery of support and maintenance generally, but where *paternity* has not been determined and is in dispute such must first be determined and recovery of support and maintenance is then limited to the period of four years next preceding the commencement of the paternity action.

This interpretation is in conflict with *Martinez v. Romero*, supra, which held an action to determine paternity could not be brought at any time and apparently failed to take into consideration the four year limitation on enforcement of support set forth in Sec. 3, supra.

MAUGHAN, Justice (dissenting):

For the following reasons I dissent.

The issues in this matter are controlled and disposed of by statute and case law interpreting that statute. The statute, 78–12–22, U.C.A.1953, as amended 1975, is one of limitations. It says:

> Within eight years:

> . . . . .

> An action to enforce any liability due or to become due, for failure to provide support or maintenance for dependent children.

The case law interpreting that statute is found in *Martinez v. Romero*, 558 P.2d 510. The decision was handed down by a unanimous court in December 1976. It should be borne in mind the legislature had before it the provisions of Title 78, Chapters 45 and 45a, when it enacted the later provisions of 78–12–22.

Succinctly stated, the statute and *Martinez* clearly state: if eight years have elapsed, since the inception of the claim, any action to enforce any liability due or to become due, for failure to provide support for dependent children, is barred. Also, any such action brought to establish paternity for the purpose of enforcing any such liability is barred. Conversely, any action brought for the purpose of establishing paternity, but not to enforce a support liability, is *not* barred. The main opinion is correct in saying there is no statute of limitations controlling an action to establish paternity. There are many good reasons for not having such a statute.

The legislature has seen fit, in 78–12–22, to place a time limitation on any action to

---

1. See prior interpretations of this Court in *Seeley v. Park*, Utah, 532 P.2d 684 (1975), and *Openshaw v. Openshaw*, 105 Utah 574, 144 P.2d 528 (1943).

2. Utah, 558 P.2d 510 (1976).

enforce any liability due or to become due, for failure to provide support for dependent children. That, as I understand it, is the law in this state. It is also the law as understood by the unanimous court in December of last year.

In my view the majority opinion's interpretation of 78–12–22 defies logic. It appears to constitute a cavalier attempt at judicial legislation, or in this instance judicial repeal.

Any sum accrued at the time of the action is a liability "due"; therefore the phrase, "or to become due" must refer to a prospective liability, viz., payments not due or accrued at the time the action is filed.

The effect of the majority opinion's interpretation of 78–12–22 is to nullify, in fact, the phrase "or to become due." The majority states this prospective phrase means suit must be initiated within eight years after an amount accrues. Thus, it becomes a mere tautology, because that is specifically the subject matter covered in the first phrase, "An action to enforce any liability due . . . ."

It is not the prerogative of this court to question the wisdom of the legislature or to speculate that a statute was passed through inadvertence or error. If the legislature were mistaken as to consequences of the language deliberately selected; it is its further duty to rectify its error. This court cannot under the guise of judicial construction reinterpret a clear, unambiguous statute to achieve a desired social policy.

This court has reiterated on many occasions it is its duty to give effect, if such can reasonably be done, to every word, clause, and sentence of a legislative enactment.[1] The phrase "or to become due" can only mean a liability not due or accrued at the time the action is filed. Any other interpretation is a distortion of the mother tongue.

Under our Constitution of Utah, the legislative power is vested by Article VI, § I; this court is not included. However, under the constitutional scheme the possibility of a defect or omission in the law was contemplated. Article VIII, § 22, specifically sets forth the role of this court upon such discovery, viz., to send a written report thereof to the Governor. This court should adhere to the constitutional principle set forth in Article V and exercise only the powers and functions of the judicial; it should not arrogate unto itself the legislative function to correct a seemingly erroneous enactment.

With reference to the affidavit of defendant, acknowledging paternity; it is my view the child was thereby legitimized, if the affidavit is genuine. I would sustain the lower court in its dismissal of the claim for support, but would remand the case for the purpose of determining the validity of the subject affidavit for the purpose of establishing paternity and thus the legitimacy of the child. Our statute 78–45a–13 refers only to a settlement of an amount, not to an acknowledgement of paternity. Such an acknowledgement can be made without court approval.

WILKINS, J., concurs in Justice MAUGHAN's dissent.

---

1. *Gibb v. Dorius*, Utah, 533 P.2d 299, 302 (1975).