**Barbara ZITO, Plaintiff, Respondent and Cross-Appellant,**

v.

**Gary BUTLER, Defendant, Appellant and Cross-Respondent.**

No. 15493.

Supreme Court of Utah.

Sept. 8, 1978.

Pete N. Vlahos, Ogden, for plaintiff, respondent and cross-appellant.

Gary Butler, pro se.

PER CURIAM:

The plaintiff initiated these proceedings pursuant to the Uniform Act on Paternity, Title 78, Chapter 45a. In her complaint the plaintiff alleged that the defendant is the father of a child born to the plaintiff out of wedlock. She is here seeking support for the child both past and future. The plaintiff also claimed the costs of pregnancy, childbirth and attorney's fees.

The defendant answered alleging that the plaintiff's claim is barred by the statute of limitations and by laches and estoppel resulting from plaintiff's failure to commence the proceedings timely. The child was born September 2, 1971, and these proceedings were commenced on February 2, 1976.

The plaintiff and defendant met on December 6, 1969. Thereafter they began seeing each other on frequent occasions. During 1970 the parties began having sexual intercourse on a regular basis. The defendant admitted having sexual relations with the plaintiff but denied having such relationship during the period the plaintiff's child was conceived.

The trial was had to a jury and a verdict was returned in favor of the plaintiff finding that the defendant was the father of the child in question and awarding $3,400.00 past child support. Thereafter the court entered a judgment ordering the defendant to pay support in the sum of $60.00 per month.

 Both the plaintiff and defendant claim that the trial court committed prejudicial errors. The defendant claims the action is barred by the statute of limitations. He relies on Section 77-60-15, however it is a part of the Bastardy Act and hence has no application here. The only limitation in the Uniform Act on Paternity is that contained in Section 78-45a-3 which limits the father's liability to a period of four years next preceding the commencement of an action. In this matter the court in instructing the jury limited their consideration to the four-year period. Section 78-12-22 has no application here as claimed by the defendant. That statute has an eight year period and these proceedings were commenced well within that time. As to these matters see the decision in *Nielsen State Dept. of S. S. v. Hansen.*[1] Defendant also seeks to invoke the equitable doctrines of estoppel and laches. This being a statutory action neither has any application.[2]

Defendant further claims the court erred in refusing to grant his motion to dismiss after plaintiff had rested her case. This assertion is based on the premise that plaintiff had failed to set forth a prima facie case in that there was no showing as to the gestation period and no showing as to when plaintiff became pregnant. The record discloses the following ruling:

> The Court will rule that her testimony to the effect that she had a relationship with this man during the certain period when it would be within common experience of jurors to say that such activity could have resulted in a birth, and that she denies any other relations, and the case is a prima facie; a jury question.

We are required by long established rules of appellate review to view the evidence, including the fair inferences to be drawn therefrom, and all of the circumstances shown thereby, in the light most favorable to the successful party below.[3] We believe that the court's ruling here was proper based on the facts presented at trial.

The plaintiff claims error on the failure of the court to consider or submit to the jury the costs of plaintiff's pregnancy and the costs of confinement and delivery and also for attorney's fees.

 It is doubtful whether these matters are properly before this Court but in any event the Uniform Act on Paternity makes no provision for attorney's fees. There was no evidence in the record to show who paid the costs of plaintiff's pregnancy and delivery of the child nor is there evidence of the amounts paid.

 The plaintiff also contends that the trial court erred in refusing to instruct the jury as to the statutory[4] obligation of a father of a child born out of wedlock. We are not persuaded that such was error. The court specifically instructed the jury to

1. Utah, 564 P.2d 1113 (1977).

2. 27 Am.Jur.2d, Equity Sec. 154.

3. *Carnesecca v. Carnesecca*, Utah, 572 P.2d 708 (1977).

4. U.C.A., 1953, 78-45a-1.

award a reasonable amount of support should they find defendant to be the father and in not drawing any distinction between legitimate and illegitimate birth it cannot be assumed that the jury verdict was influenced one way or the other thereby. Also, the jury award is deemed to be consistent with defendant's means and ability to support.

We find no error in the record which justifies a reversal or modification of the verdict or judgment of the court below. The judgment is affirmed. Plaintiff is entitled to costs.

MAUGHAN, J., concurs in result.