**Quintana SZARAK and the State of Utah, by and through Utah State Department of Social Services, Plaintiffs and Respondents,**

v.

**Robert L. SANDOVAL, Defendant and Appellant.**

No. 17156.

Supreme Court of Utah.

Oct. 1, 1981.

Kay M. Lewis, Russell C. Harris, Craig S. Cook, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Ted Cannon, Gerald M. Conder, Salt Lake City, for plaintiffs and respondents.

OAKS, Justice:

This is an action by a mother and the Utah State Department of Social Services against the alleged father of her illegitimate child for a determination of paternity and an award of child support under the Uniform Act on Paternity. The trial court received evidence, found paternity, and awarded child support in an amount stipulated by the parties. The question on defendant's appeal is whether plaintiff's action is barred by the statute of limitations, this action having been commenced over six years after the birth of the child. All citations are to Utah Code Annotated, 1953.

The question of the limitations period applicable to actions for paternity and child support has been a troubled one, complicated by multiple parties, overlapping statutes, and contradictory judicial opinions. At the time of this trial, on April 8, 1980, our statutes contained two separate remedies against the alleged father in cases like this.

The Bastardy Act, passed in 1911 and modified thereafter, established a civil remedy with criminal-type procedures. § 77–60–1, et seq.; State v. Judd, 27 Utah 2d 79, 493 P.2d 604 (1972). By express statutory limitation, a prosecution under the Bastardy Act could not be brought more than four years after the birth of the child. § 77–60–15. The Bastardy Act was repealed by Laws 1980, ch. 15, effective July 1, 1980.

The Uniform Act on Paternity, § 78–45a–1, et seq., passed in 1965, and also in force in Kentucky, Maine, Mississippi and New Hampshire, is a civil remedy in all respects. It provides that paternity may be determined upon the petition of the mother, the child, or the public authority legally chargeable with the support of the child. § 78–45a–2. Once paternity has been determined or acknowledged, the father is "liable to the same extent as the father of a child born in wedlock ... for the reasonable expense of the mother's pregnancy and confinement and for the education, necessary support and funeral expenses of the child." § 78–45a–1. That liability may be enforced in the same or other proceedings by the mother, the child, the public authority chargeable by law with the support of the child, or by other persons (including private agencies) that have furnished the expenses or support listed above. § 78–45a–2.

■ In State v. Judd, 27 Utah 2d 79, 493 P.2d 604 (1972), this Court held that the enactment of the Uniform Act on Paternity did not repeal the provisions of the Bastardy Act; the two acts merely provided different remedies against an alleged father of an illegitimate child. However, an adjudication under one act is res judicata in a subsequent prosecution under the other act. Brown v. Marrelli, Utah, 527 P.2d 230 (1974).

■ The Uniform Act on Paternity expressly limits the "father's liabilities for past education and necessary support ... to a period of four years next preceding the commencement of an action," § 78–45a–3, but it contains no express limitation on the period of time within which an action may be commenced to establish paternity. Whether there is such a limitation, and, if

so, its duration, is the question for decision in this case.[1]

Two potential statutes of limitation have been ruled out by prior decisions of this Court. In *Zito v. Butler,* Utah, 584 P.2d 868 (1978), we held that the four-year limitation period in the Bastardy Act does not apply to an action to establish paternity and recover child support and maternity expenses under the Uniform Act on Paternity. In *Nielsen v. Hansen,* Utah, 564 P.2d 1113 (1977), we held that the general eight-year statute of limitation on "an action to enforce any liability due or to become due, for failure to provide support or maintenance for dependent children," § 78–12–22, did not bar an action to establish paternity and recover child support under the Uniform Act on Paternity.[2]

In *Nielsen v. Hansen, supra,* the Court's opinion states: "We are unable to find any time limitation as to when a suit may be instituted to determine paternity." 564 P.2d at 1114. There was no dissent from that statement. In this case, however, defendant argues two other statutes of limitation that were not argued to the Court in *Nielsen v. Hansen.* Both come under the general provision in § 78–12–1, which declares that "civil actions can be commenced only within the period prescribed in this chapter, after the cause of action shall have accrued," except as otherwise specifically prescribed by statute. Section 78–12–26 provides a three-year period of limitation for any action "for a liability created by the statutes of this state . . . ." Section 78–12–25 provides a four-year limitation period for any "action for relief not otherwise provided by law."

Defendant points out that the obligation of support imposed upon the father of an illegitimate child under the Uniform Act on Paternity is "a liability created by the stat-

utes of this state," § 78–12–26, such liability being unknown at common law. *State v. Judd,* 27 Utah 2d 79, 493 P.2d 604 (1972); *Thut v. Grant,* Me., 281 A.2d 1 (1971). Consequently, defendant argues, there being no period of limitation in the statute itself, an action to establish paternity should be barred by the three-year statute of limitations in § 78–12–26, notwithstanding the statement in *Nielsen v. Hansen, supra.* We find it unnecessary to rule on that argument because another statute precludes the application of any period of limitation against the plaintiffs in the circumstances of this case.

Section 78–12–36 provides that if "a person entitled to bring an action [with exceptions not applicable here] is at the time the cause of action accrued, either: (1) Under the age of majority; . . . The time of such disability is not part of the time limited for the commencement of the action." Characterizing this statute as an expression of "the general legislative intent to protect the causes of minors," this Court applied this statute to prevent a minor's being barred from pursuing an action for personal injuries. *Scott v. School Board,* Utah, 568 P.2d 746, 748 (1977). In doing so, we pointed out that because parents or natural guardians "have no specific legal duty" to commence actions of this nature, without such a statutory protection "the minor is left completely without a remedy." *Id.* at 747. Under the wording of the statute and the reasoning of the *Scott* case, § 78–12–36 would clearly prevent the statute of limitations from barring a paternity and child support action by the child in this case, who was only six years and three months of age when this action was commenced.

While the child's action to establish paternity and enforce child support is not

---

1.  See generally, 59 A.L.R.3d 685 (1974).

   Defendant also argues that the cause should in any event be remanded to allow the submission of additional evidence challenging the tissue typing evidence received in this case. No objection having been made to that evidence in the trial court, we decline to consider this point on appeal. Utah Rules of Evidence, Rule 4.

2.  The eight-year statute would apply to claims for child support unaccompanied by an adjudication of paternity, just as § 78–45a–3 would impose a four-year limit on the recovery of child support in actions under the Uniform Act on Paternity.

barred by the statute of limitations until after the child attains majority, the amount of recovery of child support is still limited by § 78–45a–3. In providing that "the father's liabilities for past education and necessary support are limited to a period of four years next preceding the commencement of an action," that section qualifies the plaintiff's right of action for child support and thus provides a ceiling on the amount of plaintiff's recovery. That is its purpose, Commissioner's Note, 9A *Uniform Laws Annotated*, p. 631 (1979), and that is its effect, even where the statute of limitations prescribes a longer period within which the action can be commenced.

Is the statute of limitations also tolled during the child's minority for a paternity and child support action by the mother and/or the State Department of Social Services, who are the plaintiffs in this case? We hold that it is.

The father's liability for the education and support of the child can be enforced by parties other than the child, but in such cases the child is still the real party in interest. An action of this nature has no purpose other than to benefit the child, directly or indirectly. No useful purpose would be served by construing § 78–12–36 so as to preclude paternity actions in the name of the mother or the public authority or others who qualify as plaintiffs under the Uniform Act, when those same parties would not be barred from bringing the same action as next friend or guardian of the child. E. g., *Palmer v. Mangum*, Miss., 338 So.2d 1002 (1976). Viewed from the defendant's perspective, this long extension of the period of his (the alleged father's) vulnerability to this kind of action obviously runs counter to the policies served by the statutes of limitation, but the Legislature has resolved the conflicting policies in favor of the interests of the minor child and those who support him, § 78–12–36, and we are obliged to follow their clear direction.

■ Consequently, we hold that any statute limiting the time within which a paternity action must be commenced under the Uniform Act on Paternity is tolled for all statutorily qualified plaintiffs during the period of the child's minority. This was the holding of the court in *Van Buskirk v. Todd*, 269 Cal.App.2d 680, 75 Cal.Rptr. 280 (1969), under statutes and facts virtually identical to those before us in this case. We follow that authority. The district court was therefore correct in denying defendant's motion for summary judgment based on the statute of limitations, and its judgment is affirmed. Costs to respondent.

HALL, C. J., and STEWART and HOWE, JJ., concur.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.