INGRAM, Judge.
The State of Alabama, on relation of Barry Corkren, filed suit in the juvenile court of Fayette County on November 26, 1986, seeking to be declared the father of minor child Skyler Evan Pate. The complaint in prayer for relief requested that the court order Corkren to pay support and provide medical insurance for the child and to establish reasonable visitation between Corkren and the child. Patrice Pate, the child’s mother, filed an answer denying the allegations of the complaint. The mother, on March 25,1987, filed a motion to realign the parties and requested that the State represent her as plaintiff against Corkren, rather than representing Corkren as plaintiff. The motion was neither granted at this time nor when refiled on April 1, 1987. The court, in an order dated November 25, 1987, declared Barry Corkren to be the father of Skyler Evan Pate and ordered him to pay $250.00 per month, beginning on December 1, 1987, for support of the child. The court further ordered Barry Corkren to obtain medical insurance on the child and awarded him visitation rights. The mother appeals.
The appellant, Patrice Pate, does not appeal from the trial court’s determination that Barry Corkren is the child’s father. Instead, she contends that the court erred in failing to realign the parties and failed in not requiring Barry Corkren to pay back support and past medical expenses for the child from birth, and in failing to order him to reimburse the mother for medical expenses of pregnancy and birth.
We first address the issue of whether the court erred in failing to realign the parties.
The appellant contends that the court should have granted her motion to realign the parties, thus making her the party plaintiff and requiring the district attorney to represent her. She maintains that Barry Corkren should have been made party defendant.
The Alabama Uniform Parentage Act, §§ 26-17-1, et seq., Ala.Code 1975 (1986 RepLVol.), clearly gives Barry Corkren the right to bring an action to establish his paternity. Section 26-17-6(c) provides:
“(c) An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under section 26-17-5 may be brought by the child, the mother, or personal representative of the child, the public authority chargeable by law with support of the child, the personal representative or a parent of the mother if the mother has died, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor.” (Emphasis added.)
However, the Alabama Uniform Parentage Act does not distinguish in every provision between an action brought by the mother and an action brought by an alleged father. Thus, the appellant relies on § 26-17-7 as authority to claim the right to be the plaintiff. Section 26-17-7 provides:
“Actions commenced under this chapter shall be in the name of the state of Alabama on relation of the complaining witness or party against the person claimed to be the father or against the person alleged to owe a duty of support as the defendant. The district attorney, special prosecutor or attorney otherwise authorized to represent the state of Alabama shall appear and prosecute all proceedings brought under this chapter.”
The appellant claims that because Cor-kren is the person claimed to be the father or the person alleged to owe a duty of *32 support, the statute requires that he be the defendant, even though he brought the action. Thus, if § 26-17-7 were to be literally construed, then Barry Corkren, as both the complaining party and also the person claimed to be the father, must be made both the plaintiff and the defendant. This result was obviously not the intent of the legislature. The logical interpretation, as apparently also determined by the trial court, requires that the parties be aligned as they were at trial. Furthermore, the second sentence of § 26-17-7 is unambiguous and clearly allows the State of Alabama to prosecute the action for the party who filed the claim, here Barry Corkren. We cannot say that the trial court erred in failing to realign the parties.
The appellant also alleges that the court erred in failing to order Corkren to pay past support of the minor child from birth until December 1, 1987, and in failing to order him to reimburse the mother for medical and hospital expenses of pregnancy and birth and medical expenses of the child from birth.
The determination of child support is a matter resting within the discretion of the trial court. Banks v. Spurlock, 470 So.2d 1300 (Ala.Civ.App.1985). The trial court also has discretionary powers when determining expenses to be paid for a child born out of wedlock arising prior to the determination of paternity.
We note that § 26-17-8(a), Code 1975 (1986 RepLVol.), limits a father’s liabilities for past education and necessary support to a period of two years next preceding the commencement of an action for enforcement under the Alabama Uniform Parentage Act, but does not mandate the imposition of such liability. Thus, a decision whether or not to impose such liability for past education and support is left to the court’s sound discretion. We cannot say that the trial court erred in not ordering the father to pay past support and medical expenses for the child. We note, however, that the father in the past had attempted to pay support, which the mother had refused to accept.
Concerning the expenses involved in the mother’s pregnancy, § 26-17-14(d) reads in pertinent part: “The order may direct the father to pay the reasonable expenses of the mother’s pregnancy and confinement.” It is clear that the trial court is not required to order payment by the father of these expenses. It was a discretionary matter with the court, and the trial court was well within its discretion in declining to order an amount to cover such expenses.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.