**Vickie BURROW, Plaintiff and Appellant,**

v.

**Mark VRONTIKIS, Defendant and Respondent.**

**No. 880098–CA.**

Court of Appeals of Utah.

March 7, 1990.

---

Thomas N. Arnett, Jr., Salt Lake City, for plaintiff and appellant.

Jerome H. Mooney, Salt Lake City, for defendant and respondent.

Before BILLINGS, GARFF and GREENWOOD, JJ.

GARFF, Judge:

Appellant Vickie Burrow requests reversal of the trial court's determination that she is not entitled to child support accrued prior to the filing of her paternity action from defendant and respondent, Mark Vrontikis. We affirm.

Appellant is the mother of a male child born on August 17, 1976. Respondent admits that he is the child's father. The child was conceived when the parties were unmarried and engaged in a dating relationship. When appellant informed respondent that she might be pregnant in March 1976, respondent indicated that he was unwilling to make any commitment either to her or to the child, but was willing to pay for an abortion.

The parties had no further contact with each other from March 1976 until January 1983. Appellant determined that she would give birth to the child and rear him herself. The parties had a mutual friend, William Snape, whose wife was a close friend of appellant. Consequently, Snape maintained contact with appellant on a regular basis until he and his wife were divorced a few years later. Appellant knew that Snape had frequent contact with respondent. Appellant testified that she told Snape she did not ever want to see respondent again, but stated that she did not ask Snape to relay this information to respondent. Nevertheless, Snape told respondent that appellant did not wish to see him again. The trial court found that appellant knew or should have known that Snape would communicate these comments to respondent.

Relying upon appellant's comments, respondent did not contact appellant or the child, and later married and incurred various financial obligations. Meanwhile, appellant married, had two other children, divorced, and was experiencing financial difficulties at the time she initiated this action.

In May 1983, seven years after the child's birth, appellant brought a paternity action against respondent, seeking back child support payments. On September 18, 1984, the trial court declared respondent to be the child's father and awarded judgment against him for child support from June 1, 1979 through May 31, 1983, in the amount of $7,200. In awarding judgment, the court reasoned that it was bound by the case of *Zito v. Butler*, 584 P.2d 868 (Utah 1978) (per curiam), which held that the doctrine of laches was not applicable in a statutory action. On this basis, respondent appealed the trial court's order.

During the pendency of respondent's appeal, the Utah Supreme Court, in *Borland v. Chandler*, 733 P.2d 144 (Utah 1987), overruled *Zito*. We then reversed this case on the basis of *Borland*, and remanded it to the trial court for consideration as to whether laches and/or estoppel barred appellant's claim for back child support.

On remand, the trial court held an evidentiary hearing and found that: (1) appel-

lant unreasonably delayed in filing her claim for support; (2) this delay was more than mere silence because of appellant's representations to Snape; (3) respondent reasonably relied upon these representations, and so married and assumed additional financial obligations; and, therefore, (4) appellant's claim was barred by the doctrine of laches and/or equitable estoppel. Appellant brought this appeal to determine if the doctrines of laches and/or estoppel apply to the facts of this case.

In a civil bench trial, the trial court's findings of fact will not be set aside unless clearly erroneous. Utah R.Civ.P. 52(a); *Copper State Leasing Co. v. Blacker Appliance & Furniture Co.*, 770 P.2d 88, 93 (Utah 1988), and we will regard a finding as clearly erroneous only if the finding is without adequate evidentiary support or induced by an erroneous view of the law. *Western Capital and Sec., Inc. v. Knudsvig*, 768 P.2d 989, 991 (Utah Ct.App.1989).

 The first time this matter was before this court, we held, in an unpublished opinion issued October 15, 1987, that an equitable defense was available in a paternity action. On that basis, we remanded the case to the trial court for it to determine if laches and/or estoppel would permit recovery of back child support. That decision is the law of this case. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 969 (Utah Ct.App.1989). If the elements of laches and/or estoppel are present, appellant's claim is barred.

> Estoppel is an equitable doctrine which precludes parties from asserting their rights where their actions render it inequitable to allow them to assert those rights. Estoppel requires proof of three elements: (1) a statement, admission, act, or failure to act by one party inconsistent with a later-asserted claim; (2) the other party's reasonable action or inaction based upon the first party's statement, admission, act, or failure to act; and (3) injury to the second party that would result from allowing the first party to contradict or repudiate its statement, admission, act, or failure to act.

*Brixen & Christopher, Architects v. Elton*, 777 P.2d 1039, 1043–44 (Utah Ct.App.

1989) (citations omitted); *see also Leaver v. Grose*, 610 P.2d 1262, 1264 (Utah 1980).

 First, it is uncontroverted that appellant failed to make any request or to take any action to require respondent to pay back child support for seven years. This was an unreasonable delay. Further, with adequate evidentiary support, the trial court found that appellant made statements to a mutual friend inconsistent with requiring respondent to pay child support, which she knew or should have known would be communicated to respondent and, in fact, were. This behavior is inconsistent with her present claim that respondent owes her $7,200 for past child support.

Second, respondent failed to pay support for those seven years because he reasonably relied upon both appellant's failure to take any overt action to require him to pay, and upon her communication to the mutual friend that she did not want anything to do with him and that she would handle the rearing of the child herself. Thus, respondent's failure to pay child support was based upon more than mere silence. This finding distinguishes the present case from *Adams v. Adams*, 593 P.2d 147 (Utah 1979), relied upon by appellant, wherein the supreme court held that "[m]ere silence [over a period of time] on the part of plaintiff is not sufficient to raise an estoppel." *Id.* at 148.

Third, as a result of this reliance, respondent assumed other obligations, both in his personal life and in his business, that would have been tempered had he been aware of the need and obligation to support the child.

A review of the record convinces us that the trial court committed no error in arriving at its findings of fact and that the findings were based upon sufficient evidence. We affirm the trial court's decision.

BILLINGS and GREENWOOD, JJ., concur.