Audrey Lynn Athay DOW, Plaintiff and Appellee,

v.

Frank Kenneth GILROY, Defendant and Appellant.

No. 950095–CA.

Court of Appeals of Utah.

Jan. 19, 1996.

Cass C. Butler, Callister, Nebeker & McCullough, Salt Lake City, for Appellant.

Phillip Kent Card, Salt Lake City, for Appellee.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Frank Gilroy filed this interlocutory appeal, challenging the trial court's denial of his motion to dismiss Audrey Dow's Petition for Paternity. Gilroy claims the petition is barred by the "catch-all" four-year statute of limitation. We agree and therefore reverse.

## BACKGROUND

■ Because this is an appeal from denial of a motion to dismiss, all material allegations of the petition are taken as true, and we recite the facts accordingly. *Hansen v. Department of Fin. Inst.*, 858 P.2d 184, 185–86 (Utah App.1993).

Dow was born on October 5, 1943 at Holy Cross Hospital in Salt Lake City, Utah. Dow's mother, Audrey Athay, told her that Gilroy was her father, that between December 1, 1942 and April 1, 1943, she and Gilroy had engaged in sexual intercourse, and that during this same time she did not engage in sexual intercourse with anyone else. Dow's mother died on October 2, 1969.

On July 14, 1994, Dow filed a Petition for Paternity in the Third District Court in Salt Lake County. Dow's petition did not seek support or monetary compensation, only a declaration that Gilroy is Dow's father. Gilroy filed a motion to dismiss, arguing that Dow's action was barred by the four-year statute of limitation in Utah Code Annotated section 78–12–25(3) (1992), the "catch-all" statute of limitation. The trial court denied Gilroy's motion to dismiss, and this interlocutory appeal followed.

## ISSUE

Does the four-year "catch-all" statute of limitation in Utah Code Annotated section 78–12–25(3) (1992), apply to a petition for paternity?

## STANDARD OF REVIEW

■ The application of a statute of limitation is a question of law, which we review for correctness. *Gramlich v. Munsey*, 838 P.2d 1131, 1132 (Utah 1992); *Hansen*, 858 P.2d at 186.

## ANALYSIS

Gilroy argues that Dow's petition for paternity is time barred by the four-year statute of limitation in section 78–12–25(3), providing that "[a]n action for relief not otherwise provided for by law" shall be brought within four years. Utah Code Ann. § 78–12–25(3) (1992). This statute has been labelled the "catch-all" statute of limitation. *See, e.g. American Tierra Corp. v. City of West Jordan*, 840 P.2d 757, 760–61 (Utah 1992). Moreover, section 78–12–1 provides that "[c]ivil actions may be commenced only within the periods prescribed in this chapter ... except in specific cases where a different limitation is prescribed by statute." Utah Code Ann. § 78–12–1 (1992). Gilroy argues on appeal that because there is no specific statute of limitation for filing a petition for paternity, section 78–12–1 mandates that the catch-all provision applies. Therefore, because Dow necessarily learned of Gilroy's alleged paternity from her mother, who died in 1969, Gilroy argues Dow's claim is time-barred because Dow knew of her claim more than twenty years prior to the filing of her petition for paternity.

Although this question appears to be straightforward, Utah case law has complicated resolution of the issue. The confusion stems from statements made by the Utah Supreme Court in *Nielsen, By and Through State Dep't of Social Serv. v. Hansen*, 564 P.2d 1113 (Utah 1977). In *Nielsen*, the mother of a child brought an action against the alleged father to determine paternity and to require support payments. *Id.* at 1113. In the course of reaching its decision, the Utah Supreme Court stated:

*We are unable to find any time limitation as to when a suit may be instituted to determine paternity. The child has an interest in the matter and courts should be*

reluctant to invent limitations not set out in the statute, especially where minor children may be adversely affected thereby. *Id.* at 1114 (emphasis added). Dow relies on this statement, and similar statements made in *Nielsen*'s concurring and dissenting opinions, as support for her contention that there is no statute of limitation applicable to her petition. *See id.* at 1115 (Hall, J., concurring); *id.* (Maughan, J., dissenting).[1]

The *Nielsen* court recognized that the application of a statute of limitation to an action for the determination of paternity may create a policy conflict. First, the court noted that, "[o]rdinarily a statute limiting the time for bringing an action is considered to be in the public interest in that it prevents groundless actions from being won because of defendant's inability to present evidence." *Id.* at 1114. However, the court also noted that "[i]n cases of establishing paternity, there are other public policy considerations such as the need of a minor child for support and the requirement that the man who actually sired the child be required to furnish its support." *Id.*

Although these two competing public policy rationales appear to be in conflict, they are reconcilable under Utah case and statutory law. In a later case involving an action brought to determine paternity and for an award of child support, the Utah Supreme Court acknowledged the apparent dilemma when it noted that "[t]he question of the limitations period applicable to actions for paternity and child support has been a troubled one, complicated by multiple parties, overlapping statutes, and contradictory judicial opinions." *Szarak v. Sandoval,* 636 P.2d 1082, 1083 (Utah 1981). Because *Szarak* involved a minor, the Utah Supreme Court solved the dilemma by applying the statutory tolling provision for minors. *Id.* at 1084–85. The tolling provision for minors states that if

"a person entitled to bring an action ... is at the time the cause of action accrued ... [u]nder the age of majority ... the time of the disability is not a part of the time limited for the commencement of the action." Utah Code Ann. § 78–12–36 (1992). Application of the tolling provision necessarily presupposes the existence of a relevant statute of limitation. The *Szarak* court implicitly acknowledged as much, stating that the tolling provision applied to "*any* statute limiting the time within which a paternity action must be commenced under the Uniform Act on Paternity." *Szarak,* 636 P.2d at 1085 (emphasis added). Although the court in *Szarak* did not expressly decide which statute of limitation was applicable, noting it was not necessary to do so—any statute would have been tolled until the minor reached the age of majority. *Id.* at 1084. Tolling commencement of the limitation period during minority also resolves the public policy issues addressed in *Nielsen.* It allows suit to recover support for a minor child from the child's actual father, but limits such action to a reasonable period of time after the support obligation is terminated by the child's majority.

Because Dow is well past her period of minority, this court must decide which statute of limitation applies to her petition. We hold that the catch-all statute of limitation, by its language and in conjunction with section 78–12–1, applies to Dow's petition for paternity. Section 78–12–1 mandates that "[c]ivil actions may be commenced *only* within the periods prescribed in this chapter ... except in specific cases where a different limitation is prescribed by statute." Utah Code Ann. § 78–12–1 (1992) (emphasis added). Although there are specific statutes that limit the time period for which support may be recovered,[2] there is no statute that

---

1. A similar statement was made in dicta in *Mace v. Webb,* 614 P.2d 647 (Utah 1980), in an action seeking support and a declaration of paternity. In *Mace,* the Utah Supreme Court stated that "[i]n this State there is no time limitation on instituting a suit to determine paternity." *Id.* at 649 n. 1 (citing *Nielsen, By and Through State Dep't of Social Serv. v. Hansen,* 564 P.2d 1113 (Utah 1977)).

2. *See* Utah Code Ann. § 78–12–22 (1992) (limiting actions for failure to provide support or maintenance for dependent children to eight years); *id.* § 78–45a–3 (limiting father's liability for past education and necessary support to four-year period next preceding the commencement of action); *id.* § 78–45a–4 (limiting obligation of father's estate to amounts accrued prior to father's death).

limits the time for bringing an action for the determination of paternity. Accordingly, section 78–12–25(3), which applies to "[a]n action for relief not otherwise provided for by law," is the applicable statute of limitation. *Id.* § 78–12–25(3). Section 78–12–25(3) indicates that an action must be brought within four years. *Id.*

This is consistent with Utah case law. For example, in *American Tierra,* in applying section 78–12–25(3), the Utah Supreme Court referred to the catch-all provision in effect in 1915, noting that the statute "applied to *all* actions, both legal and equitable, in which affirmative relief is sought." *American Tierra,* 840 P.2d at 760 (emphasis added) (citing *Branting v. Salt Lake City,* 47 Utah 296, 153 P. 995 (1915)); *see also Olsen v. Hooley,* 865 P.2d 1345, 1347 n. 1 (Utah 1993) (applying four-year catch-all statute to action for intentional infliction of emotional distress); *Stevensen v. Monson,* 856 P.2d 355, 357 (Utah App.), *cert. denied,* 860 P.2d 943 (Utah 1993) (applying four-year catch-all statute to action against county); *Whatcott v. Whatcott,* 790 P.2d 578, 579 n. 1 (Utah App.1990) (applying four-year catch-all statute to action for psychological injury).

 Applying this analysis to the facts of this case, we find that the trial court erred in denying Gilroy's motion to dismiss. Under our analysis, the four-year catch-all statute of limitation applies to Dow's action to determine paternity. However, the statute did not begin to run until Dow reached the age of majority, on October 5, 1961. Dow's action would have therefore been barred as of October 5, 1965. Furthermore, Dow's action would be barred even if it was tolled for an additional time under the discovery rule. *E.g., Klinger v. Kightly,* 791 P.2d 868, 872 (Utah 1990); *Myers v. McDonald,* 635 P.2d 84, 86 (Utah 1981). Audrey Athay, Dow's

mother, allegedly told Dow that Gilroy was her father, some time prior to Athay's death on October 2, 1969. Discovery of the possible right to bring a paternity action therefore occurred over twenty years prior to the date Dow filed her petition, well past the running of the catch-all statute of limitation. Accordingly, Dow's action is barred by the four-year statute of limitation in section 78–12–25(3).[3] Reversed.

BILLINGS and JACKSON, JJ., concur.

---

**3.** This opinion does not address the applicability of a statute of limitation to a determination of paternity in connection with intestacy proceedings and determination of heirs of an intestate. *See* Utah Code Ann. §§ 75–3–107(2), (3) & 75–2–109(2) (1993); *Free v. Free,* 507 So.2d 930, 932–33 (Ala.Ct.Civ.App.1986) (holding "there is no statute of limitations attached" to an action to establish paternity under "clear and convincing proof" test of inheritance statute, except "the time allowed by law to establish rights of inheri-

tance in any case"); *Lewis v. Schneider,* 890 P.2d 148, 149–50 (Colo.Ct.App.1994) (holding time limit for establishing paternity under Uniform Parentage Act did not apply to defeat determination of paternity under statute identical to section 75–2–109, noting "the probate code provisions control"); *C.L.W. v. M.J.,* 254 N.W.2d 446, 450 (N.D.1977) (holding statute of limitation for determining paternity for purposes of support did not defeat action to determine paternity in context of intestate inheritance).