24CA1965 Parental Resp Conc IGA 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1965
Adams County District Court No. 22JV2218
Honorable Emily Lieberman, Judge

---

In re the Parental Responsibilities Concerning I.G.A., a Child,

and Concerning A.A.,

Appellant,

and

A.J.G.,

Appellee.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE WELLING
Gomez and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Fuller & Ahern, P.C., Brian M. Close, Parker, Colorado, for Appellant

Warren Domangue, Littleton, Colorado, for Appellee

¶ 1    In this action under the Uniform Parentage Act (UPA), A.A. (mother) appeals the juvenile court's denial of retroactive child support and attorney fees.  We affirm.

## I.    Background

¶ 2    The child was born in 2008; A.J.G. (father) was present at the child's birth, but the parents weren't married and didn't live together.  Father's name didn't appear on the child's birth certificate.  Although father had some contact with the child during the first year after the child's birth, he otherwise had very limited contact until the filing of this case.

¶ 3    In September 2022, mother requested child support through the Adams County Delegate Child Support Services (CSS) Unit. When the parents couldn't reach an agreement on the child support issues, the CSS Unit entered a temporary support order and initiated this case.

¶ 4    A month later, mother filed a petition to establish parentage under the UPA, in which she also requested an allocation of parental responsibilities (APR) and a child support order.  Father initially considered relinquishing his parental rights but instead

filed his own APR motion.  He also submitted to genetic testing, which established that he was the child's biological father.

¶ 5      In April 2024, the juvenile court held an evidentiary hearing on the APR and child support issues.  After hearing the evidence, the court awarded mother physical custody and sole decision-making and father one day of parenting time per month.  The court also ordered father to pay future child support, along with retroactive child support for 2022, 2023, and part of 2024.  However, the court denied mother's request for additional retroactive child support back to the child's birth.  The court also declined mother's request for attorney fees.

¶ 6      In August 2024, mother moved for reconsideration under C.R.C.P. 59.  The court granted the motion in part, but it denied mother's requests to reconsider retroactive child support and attorney fees.

## II.    Retroactive Child Support

¶ 7      Mother asserts that the juvenile court erred by denying her request for retroactive child support.  We disagree.

¶ 8      The juvenile court has broad discretion in determining whether a parent should be responsible for retroactive child support

2

and the amount of that support. *In re Marriage of Smith*, 7 P.3d 1012, 1016 (Colo. App. 1999). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9. We defer to the court's factual findings but review de novo whether the court applied the correct legal standard. *See People in Interest of K.L.W.*, 2021 COA 56, ¶ 42.

¶ 9 Under section 19-4-116(4), C.R.S. 2025, the juvenile court may order a parent to pay a "reasonable" amount of retroactive child support. *See also People in Interest of B.W.*, 17 P.3d 199, 201 (Colo. App. 2000) (interpreting the statute to allow retroactive child support back to the child's birth). But the court may limit the amount to a sum that it "deems just." § 19-4-116(4). In this case, the court denied most of mother's request for retroactive child support finding that awarding the denied sum would be "unjust and unreasonable under the particular circumstances of the case."

¶ 10 In determining retroactive child support, the juvenile court must consider "all relevant facts," which include, as pertinent to this appeal, (1) the child's needs; (2) the parents' living standards and circumstances; (3) the parents' relative financial means; (4) the

parents' earning ability; (5) the child's age; (6) the value of services contributed by the parent with whom the child resides the majority of the time; and (7) the standard of living the child would have enjoyed had the parents been married. § 19-4-116(6). The court may also consider other relevant factors in reaching its decision. *See People v. Rieger*, 2019 COA 14, ¶ 14 (noting that a list of factors introduced with the word "including" indicates that the list is illustrative, not exhaustive).

¶ 11     The juvenile court considered the factors in section 19-4-116(6), along with other relevant factors, in denying mother's request for retroactive child support. Among other things, the court placed significant weight on evidence that mother had known father's identity since the child's birth, but she had taken no action to secure child support for over thirteen years. The court found that, because mother had neither filed a case nor asked father for support for a significant time, it would be unjust to require him to pay such a large sum of retroactive child support. The court also questioned whether the retroactive support could be used for the child's benefit before he turned nineteen, considering that mother had adequately provided for the child without any assistance and

hadn't accumulated any significant debt in the process. However, the court stated that it had decided to award some retroactive child support based on evidence of documented medical expenses. Finally, the court expressed that it didn't believe that the evidence showed there was a "significant need" for retroactive support, and it weighed the lack of a significant need for support against the "financial hardship" such an order would cause father.

¶ 12     Based on our review of the record, the juvenile court properly considered the criteria in section 19-4-116(6), along with other relevant factors, to reach its decision. And the record supports the court's factual findings underlying its decision. *See K.L.W.*, ¶ 42 (reviewing courts defer to the juvenile court's factual findings if supported by the record). We therefore discern no abuse of discretion. *See Smith*, 7 P.3d at 1016; *see also Pate v. State ex rel. Corkren*, 526 So.2d 30, 32 (Ala. Civ. App. 1988) (no abuse of discretion in declining to order retroactive child support where father had attempted to pay support and mother refused to accept any support); *Gelin v. Murray*, 494 P.3d 1112, 1116 (Ariz. Ct. App. 2021) (no abuse of discretion in declining to order retroactive child

5

support where mother chose to deliberately keep father out of the child's life).

¶ 13    Mother asserts, for the following six reasons, that the juvenile court erred.  We aren't persuaded.

¶ 14    First, mother contends that the juvenile court erred by finding that she never informally requested support from father.  But father testified that mother never requested any support from him, and the court found father's testimony credible.  *See In re Marriage of Zisch*, 967 P.2d 199, 203 (Colo. App. 1998) (recognizing that a reviewing court must defer to the trial court's credibility determinations).  We therefore reject mother's assertion because the record supports the court's factual finding, and we can't reweigh the evidence or substitute our judgment for that of the juvenile court.  *See K.L.W.*, ¶ 62.

¶ 15    Second, mother asserts that the juvenile court improperly shifted the burden by requiring her to show that she had debt from raising the child by herself.  We disagree because the criteria in section 19-4-116(6) permit the court to consider, among other things, the child's needs and the parents' relative financial means.  § 19-4-116(6)(a)-(b).  And whether a parent accumulated any debt

when caring for the child and meeting the child's needs while certainly not dispositive of any statutory factor, is an appropriate consideration in assessing the child's needs and the parents' relative financial means. So, we discern no error in the court's consideration of evidence showing mother's lack of debt.

¶ 16    Third, mother maintains that the juvenile court erred by finding that it didn't have the authority to direct father to use his retirement account to pay for retroactive support. The court specifically addressed this complaint in its Rule 59 order, noting that it had determined that it didn't have the authority to direct father "to use any specific source of funds to pay [a] support order." The court clarified that it had considered father's financial means, including the retirement fund, but it had concluded that "[t]he existence of a retirement account [did] not negate [the] financial hardship" father would face. We therefore discern no error.

¶ 17    Fourth, mother argues that the juvenile court should have determined a reasonable amount of support that could be used before the child's nineteenth birthday instead of denying the entire amount. However, the court didn't deny the entire amount of retroactive support. Rather, the court ordered a limited amount of

retroactive support based on evidence of outstanding medical expenses. The court otherwise denied retroactive child support because the court found it would be unjust to require father to pay such support based on mother's delay in filing the case.

¶ 18    Fifth, mother asserts that the juvenile court erred by finding that it would be unjust to require father to pay retroactive support based on mother's delay. To be sure, a parent's delay in moving for child support isn't one of the enumerated factors listed in section 19-4-116(6), but as noted, section 19-4-116(6) isn't an exhaustive list. Mother provides no authority indicating that a court may not consider a parent's delay when deciding if retroactive support should be awarded. Other jurisdictions permit a court to deny retroactive support based on a parent's delay. *See, e.g., Burrow v. Vrontikis*, 788 P.2d 1046, 1048 (Utah Ct. App. 1990) (concluding that the parent's failure to file for child support for seven years was "an unreasonable delay"). And we don't discern any abuse of discretion in the court considering this fact here.

¶ 19    Finally, mother contends that the juvenile court disregarded the child's best interests when it based its decision on "setting a standard for future cases rather than for the needs of the specific

child under consideration." Although the court noted that granting mother's request in full "would incentivize a parent to wait for [years] to seek a parentage finding," we aren't persuaded that its decision disregarded the child's best interests. Rather, the court explicitly considered the child's best interests and awarded an amount of retroactive support necessary to serve those interests. It otherwise denied the additional amount mother requested, after considering the criteria in section 19-4-116(6). We therefore reject mother's final assertion.

### III. Attorney Fees

¶ 20    Mother contends that the juvenile court erred by denying her request for attorney fees. We disagree.

¶ 21    Section 19-4-117, C.R.S. 2025, permits a juvenile court to award attorney fees in a parentage action. In deciding whether to award attorney fees under section 19-4-117, the court may consider (1) the parties' finances; (2) the protracted nature of the litigation; and (3) the high costs of fees resulting from the protracted litigation. *See In re N.J.C.*, 2019 COA 153M, ¶ 44. We won't disturb the court's attorney fees determination absent an abuse of discretion. *W.C. in Interest of A.M.K.*, 907 P.2d 719, 723 (Colo. App. 1995).

¶ 22 The juvenile court denied mother's request for attorney fees, "[g]iven the current near-equal income of the parties," and it ordered that each party be responsible for their own attorney fees. The court also found that mother's request for retroactive child support and to limit father's parenting time determined the "scope of litigation" and its "contentious nature." Finally, the court determined that father's request for an APR didn't "expand" the scope of litigation because mother had already raised that issue through her motion.

¶ 23 Mother asserts that the juvenile court erred by employing "speculative and irrelevant criteria" to deny her request. She also asserts that the court erred by finding that she controlled the scope of litigation. We aren't persuaded.

¶ 24 The juvenile court considered appropriate factors when it denied mother's request, namely (1) the parties' financial circumstances and (2) the nature of the litigation. *See N.J.C.*, ¶ 44. The record supports the court's finding that the parties had similar incomes, which mother doesn't dispute. As for the nature of the litigation, the record shows that mother retained an attorney and filed her request for additional support after she declined the

support amount proposed by the CSS Unit. Her APR request asked the court to deny father any parenting time unless the child agreed to it, which, as the court pointed out, is generally impermissible. *See In re Marriage of Elmer*, 936 P.2d 617, 621 (Colo. App. 1997) (a trial court may not delegate decisions about parenting time to others). Based on all of this, the court didn't abuse its discretion in denying mother's request for attorney fees.

¶ 25 Finally, mother requests an award of her appellate attorney fees under section 19-4-117. We reject her argument for the same reasons described above. To the extent mother's request has some other basis, she fails to explain that basis, and we therefore decline to address her argument. *See In re Parental Responsibilities Concerning I.M.*, 2013 COA 107, ¶ 31.

## IV. Disposition

¶ 26 The judgment is affirmed.

JUDGE GOMEZ and JUDGE SULLIVAN concur.